District Court for the United States of America
In the District for Pennsylvania State at Philadelphia

---

Reverend Juan-Jose`: Brookins,
*Trust Protector for the Ministerial Indigenous Nations Trust (M.I.N.T.), Standing In Propria Persona, Sui Juris Pursuant to FRCP RULE 17(E)*,

    Plaintiff,

-against-

GREGORY S. LIERO, ESQ., Prosecuting Attorney for the Commonwealth of Pennsylvania Department of State in his personal, individual capacity,

    Defendant.

Civil Case No._____(____)

**CIVIL COMPLAINT
FOR LIBEL, SLANDER AND
DEFAMATION OF CHARACTER**

June 23, 2023

REC'D JUN 2 3

Jury Trial Demanded

---

## PRELIMINARY STATEMENT

    **COMES NOW** the Plaintiff, Reverend Juan-Jose`: Brookins (hereinafter, "Plaintiff"), an unincorporated natural man on the land and Living Soul who has Standing to sue in his own name as the Trust Protector of an Ecclesiastic Indigenous Foreign Express Trust pursuant to Federal Rules of Civil Procedure Rule 17(E). However, Plaintiff is bringing this action as a Common Law Tort for Libel, Slander and Defamation of Character on his own behalf and not on the behalf of the Ministerial Indigenous Nations Trust (hereinafter, "M.I.N.T.") and Plaintiff is suing the Defendant, Gregory S. Liero, Esq. (hereinafter, "Leiro") in his own personal capacity, and not as the Prosecuting Attorney for the Commonwealth of Pennsylvania.

    This action arises from a Motion to Strike that Defendant Leiro filed on the record in the Pennsylvania State Board of Dentistry Agency Disciplinary Hearing against Dr. Blanche Durand Grube, D.M.D. (hereinafter, "Dr. Grube) on February 21, 2023, where on page 2, line-item Nos. 13, 14, 15 & 16 of that Motion, Defendant Leiro expressly stated that Plaintiff was "acting as an

1

Attorney for Dr. Grube and he is not an Attorney, and that the unlicensed practice of law is a criminal offense in Pennsylvania," whereupon he cites the Pennsylvania Statute for the unauthorized practice of law. (*See* Exhibit "A", Defendant Leiro's Motion to Strike).

## JURISDICTION AND VENUE

This Court has jurisdiction pursuant to diversity of citizenship between the parties and venue is proper because the Defendant and the defamatory acts committed by him were perpetrated in Pennsylvania State in Philadelphia County and because the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00-U.S).

## PARTIES

Plaintiff, Reverend Juan-Jose`: Brookins, is a proper Party Plaintiff who is not an enemy of the State as defined in the Trading With the Enemy Act, but is a free inhabitant of the *de jure* constitutional Republic, Standing *In Propria Persona, Sui Juris*, who has a domicile and receives mail at 46 Gramatan Avenue, #19 in New York State near a non-military Postal Zone [10550] Non-Domestic/Without the U.S.

Defendant, Gregory S. Leiro, Esq., is a proper Party Defendant and Prosecuting Attorney for the Commonwealth of Pennsylvania Department of State who does business and receives mail at P.O. Box 69521, 2601 North Third Street, Harrisburg, Pennsylvania 17106-9521.

## BACKGROUND STATEMENT OF FACTS

1. As a direct and proximate result of Defendant Leiro's false defamatory statements made against Plaintiff in his Motion to Strike Plaintiff's Private Administrative Trustee Presentment in the State Board of Dentistry's adverse disciplinary action against Dr. Grube, on or about Friday, June 16, 2023, two Special Agents from the Bureau of Criminal Investigations of the Pennsylvania State Attorney General's

2

Office came to Dr. Grube's Office and intimidatingly interrogated her about who Plaintiff was and was he acting as her Attorney. (*See* Exhibit "B", Copies of the two State Attorney General's Special Agents from the Bureau of Criminal Investigation Business Cards).

2. Plaintiff never asserted his Standing as an Attorney practicing law in the Private Administrative Trustee Presentment Affidavits he sent to Defendant Leiro, nor did Plaintiff make any assertion of practicing law to the State Board of Dentistry, or assert to either of these parties that he was representing Dr. Grube in the Agency Disciplinary action being leveled against her in the Pennsylvania State Board of Dentistry's Public Forum Tribunal.

3. Plaintiff explicitly explained to Defendant Leiro that he represented the equitable interests of the Private Ecclesiastic Indigenous Trust Consortium that Dr. Grube contracted herself with to be a plenipotentiary Member to perform research for the Trust's private intellectual property research and ministerial work.

4. Plaintiff explained these factual details to Defendant Leiro by mailing several Private Administrative Trustee Presentment Affidavits to him by United States Post Office Certified Mail through a Notary Presenter which was specifically intended to be a PRIVATE communication between Plaintiff and Defendant Leiro, not a PUBLIC one for the purposes of being included in the disciplinary action targeted toward Dr. Grube, and that fact was explicitly articulated within the Presentments Plaintiff sent to Defendant. (*See* Exhibit "C" and "C1", the Private Administrative Trustee Presentments sent to Defendant Leiro from Plaintiff through a Notary Presenter).

5. The title of the Affidavits Plaintiff sent to Defendant Leiro, specified that these Presentments were PRIVATE and not for purposes of being publicly recorded in the adverse Agency action being directed toward Dr. Grube, and the fact that Plaintiff intended these Presentments to be between Defendant Leiro and himself as the Trust Protector of the M.I.N.T. Trust Consortium is written right in the title of the document that the Presentments to Defendant Leiro were explicitly intended to be PRIVATE, NOT PUBLIC.

6. In the second Private Administrative Trustee Presentment Affidavit that Plaintiff sent to Defendant Leiro titled NOTICE OF FAULT AND OPPORTUNITY TO CURE (*See* Exhibit "C1"), said second Presentment was sent as a notice for Defendant Leiro's failure to respond to Plaintiff's lawful inquiry and gave him five (5) more days to cure his failure to respond to the first notice.

7. It was in the second Trustee Presentment notice that Plaintiff gave details of his equitable intent to sue should Defendant Leiro fail to respond, and on page 2 of that Presentment Plaintiff explicitly explains that the Ecclesiastic Indigenous Ministerial Trust Consortium he represents also has Power of Attorney for Dr. Grube.

8. Plaintiff is certain that the Court and Defendant Leiro are intimately aware of what the law governing a Power of Attorney is, which is also known as an Attorney-in-Fact, and an Attorney-in-Fact does not need to be someone who practices law. They must only be 18 or older and of sound mind.

9. It is a matter of law under FRCP Rule 17(E) that as a Trustee for an Express Trust is federally recognized to sue in my own name and as such I have the right to represent

represent the interests of the Board of Trustees and protect the Trust's Corpus, affiliate Trust members and Beneficiary(s).

10. And as a matter of protocol for the Trust Consortium's administrative practices once someone enters into contract with the Trust Consortium they become a member who is immediately covered by the tenets of the Trust's Indenture with or without a Power of Attorney.

11. That means that every member, member affiliate and Beneficiary is automatically covered by the Trust's contractual relationship at the inception of the contractual relationship which institutes an implied Power of Attorney that is confirmed by an express Power of Attorney as needed for whatever purpose the member, affiliate member or Beneficiary requires it to be.

12. Each Power of Attorney that an affiliate member, member or Beneficiary requires to be performed will be prescribed for the singular purpose of the issue being addressed that has a direct or proximate impact on the solvency, integrity, relationship and administration of the Trust Consortium's research, ministerial work or corporeal and financial assets.

13. It is for the above stated reasons where the Plaintiff, as Trust Protector, comes in to protect and preserve the solvency, integrity, relationship and administration of the Trust Consortium's humanitarian mission by giving notice and opportunity for the proponents of those who presume to have an issue to assert against the Trust Consortium and its members, member affiliates, Beneficiary(s) and corporeal and financial assets so that any such assertion of an issue being raised against the Trust

Consortium is to be equitably resolved in accordance with the applicable governing law of the subject matter at hand.

14. Also on the second page of the second Private Administrative Trustee Presentment Affidavit sent to Defendant Leiro, Plaintiff explicitly explained to Defendant Leiro that Dr. Grube is "a fundamental colleague and constituent research Member of the M.I.N.T. and the I.R.B. (Institutional Review Board), all the activity, methodology and relationships Dr. Grube has with the participants of the research being conducted by our private Indigenous Ministerial Trust Consortium is performed and conducted in her capacity as a Minister. This includes, but is not limited to, any transactions between her and our research participants who are also members of a Private Membership Association (PMA) that is a constitutionally protected relationship under the Fourteenth Amendment." (*See* Exhibit "C", page 2, second paragraph).

15. It is for the reasons specified in the two paragraphs above herein that I am authorized by clearly established law to make inquiries into the Agency action being taken against Dr. Grube from the State Board of Dentistry without having to have to be an Attorney. My official position as the Trust Protector of the Trust Consortium that I represent and the research being conducted by Dr. Grube under a private contract agreement with the Consortium is enough of a justifiable reason for me to request what the substance and nature is of that Agency's action against Dr. Grube, who is not the progenitor or proponent of the private intellectual research she is implementing on behalf of the Trust Consortium.

16. And it matters not whether the Trust Consortium had an equitable interest in the outcome of the State Board of Dentistry's disciplinary action against Dr. Grube,

which Plaintiff had every right to ascertain what the purpose of its adverse action was because it may have an adverse impact on the research being done by Dr. Grube on behalf of the Trust.

17. The reason why it does not matter if the Trust Consortium or Plaintiff has an equitable interest in the State's Agency action against Dr. Grube is because even as an ordinary American Citizen Plaintiff has the right to inquire what the reason is for the adverse Agency action against Dr. Grube since it is a Public State Agency and the Public has a right to know what it is doing concerning the activities of its licensed practitioners.

18. Plaintiff respectfully reminds this Court that according to U.S. v. Tweel, 550 F. 2d 297 5th Cir., 1977, it was held that "Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading." (*See also*, United States v. Prudden, 444 F. 2d 816 [5th Cir. 1970], *cert. denied*, 405 U.S. 918; 92 S. Ct. 944; 30 L. Ed. 2d 788 [1072]).

19. Defendant Leiro has not responded to the lawful inquiries that Plaintiff duly sent him giving him notice that the work that Dr. Grube was doing on behalf of the Trust Consortium was constitutionally protected research for a Private Ecclesiastic Indigenous Foreign Express Trust under a contractual relationship in accordance with Article I, Section 10, Clause 1.

20. Plaintiff also gave Defendant Leiro an opportunity to prove that he had the right to impose statutory provisions of law over a private contract agreement involving intellectual property research of a ministerial methodology and according to the precedent case law of *Tweel* and *Prudden* he has a duty to answer the lawful inquiries

of the American people and the Trust Protector in particular for the equitable interests that the Trust Consortium has as recognized as a person under the law and his failure to answer Plaintiff's inquiries where he has a moral duty to speak or respond can not only be construed as being intentionally misleading or fraud according to U.S. v. Tweel, and U.S. v. Prudden, *supra*.

21. Defendant Leiro failed to respond to each and every Private Administrative Trustee Presentment Affidavit sent to him through a Notary Presenter and is therefore in default of any claim or charge being brought against the ministerial work that Dr. Grube does for the Trust Consortium.

22. As a result of Defendant Leiro's default and dishonor of Plaintiff's Trustee Presentment Affidavits served on Defendant Leiro, Plaintiff finally served Defendant Leiro with a Private Administrative Judgment and Certificate of Claim to affirmatively validate the Trust Consortium's assertion that Defendant Leiro and the State Board of Dentistry did not have any right to assert a statutory Agency charge prohibiting Dr. Grube from exercising her right to contract with the M.I.N.T. Trust Consortium to do private intellectual property research under a federally recognized I.R.B.'s guidance. (*See* Exhibit "D", Copy of Trust Consortium's Private Administrative Judgment and Certificate of Claim).

23. But even with that fact being established Defendant Leiro also did not have the right to assert a statutory disciplinary action claim against the equitable interests of a Private Trust Consortium's research product or Private Membership Association relationship which has been established between the parties in question, or the

plenipotentiary member of said Ecclesiastic Indigenous Trust Consortium that owns, controls and performs its research.

24. Instead of recognizing and respecting Plaintiff's right to inquire about the public Agency's instigation of disciplinary charges against the ministerial work and private intellectual property research that is owned and controlled by the Trust Consortium which Dr. Grube is contracted to perform for said Trust, Defendant Leiro chose to makes spurious disparaging accusations against Plaintiff's good name and reputation that Plaintiff is perpetrating a criminal impersonation of being an Attorney without a license.

25. Plaintiff explicitly explained to Defendant Leiro in the several Private Trustee Presentment Affidavits that the function of his office as Trust Protector gave him every right to address the substance and nature of the Agency disciplinary subject matter on behalf of the Trust Consortium, not on behalf of Dr. Grube, even though Plaintiff has Power of Attorney and lawful authority to question the legal issues Dr. Grube is confronting, that was not the impetus of the Presentments being sent to Defendant Leiro privately.

26. On line-item 12 of Defendant Leiro's dispositive Motion to Strike the Private Administrative Presentment Affidavits Plaintiff sent to him he made an assumption that the Presentments being sent to him were being sent on behalf of Dr. Grube as a representational defensive postulation as though Plaintiff was acting as an Attorney for Dr. Grube and he published this errant assumption of Plaintiff's role on the record of the Agency's adverse action with an inflammatory libelous allegation that Plaintiff was practicing law without a license. (*See* Exhibit "A", *inter alia*).

27. As a result of Defendant Leiro's libelous allegation against Plaintiff's good name and character, on page 5 of Plaintiff's second Private Administrative Trustee Presentment Affidavit in the third paragraph of that page Plaintiff addressed Defendant Leiro's false defamatory allegations that were being recorded in the Agency's disciplinary public forum directly by demanding that Defendant Leiro retract those libelous allegations from the Agency's disciplinary record with a public apology and Plaintiff gave Defendant Leiro due notice that if he did not do so that he will become the subject of a Civil Complaint for defamation of character, libel and slander because the practice of law under statutory codes is a criminal act, and Plaintiff is not a criminal.

28. Defendant Leiro did not retract the libelous allegations written in his Motion to Strike Plaintiff's Private Administrative Presentment Affidavit and he also did not provide an apology on the Agency's public forum record for making false inflammatory allegations against Plaintiff's good name and character.

29. In fact, Plaintiff now has reason to believe that Defendant Leiro made a slanderous allegation against Plaintiff to the State Attorney General's office formally accusing Plaintiff of the criminal act of practicing law without a license and as a result of that false slanderous accusation two Special Agents from the State Attorney General's office apparently opened a criminal investigation into Plaintiff where they went to Dr. Grube's office to ask her about who Plaintiff was and is he her lawyer. (*See* Exhibit "B", *inter alia*).

30. Defendant Leiro's false inflammatory libelous and slanderous accusations remains publically available information as a part of the Agency record in the disciplinary action against Dr. Grube.

31. The inflammatory libelous and slanderous allegations Defendant Leiro has publicly leveled against Plaintiff are defamatory to Plaintiff's good name and character and are entirely FALSE.

32. Plaintiff respectfully requests that this Court issue an immediate preliminary injunction against the Pennsylvania State Attorney General's Bureau of Criminal Investigations inquiry into Plaintiff pending the outcome of this case.

33. It is without doubt or contradiction that Defendant Leiro has made defamatory allegations against Plaintiff that are false and inexcusable.

34. Plaintiff has suffered and will suffer irreverent disrespect, disgrace and dishonor for his good name, character and reputation should the inflammatory false libelous and slanderous allegations being leveled against Plaintiff remain on the public record of an Agency public forum tribunal.

35. Plaintiff is a duly ordained Interfaith Reverend, and such an allegation of criminal activity will literally destroy Plaintiff's credibility as an upright man of God who counsels and upholds the moral uprightness of his religious customs, traditions and beliefs. No one will take him at his word or rely on the fortitude of his ability to do God's will.

36. The damages Plaintiff will suffer from Defendant Leiro's defamatory false and inflammatory libel and slander are immeasurable in its mental, emotional and spiritual depth and incalculable in the amount of its monetary recompense for the loss or diminution of Plaintiff's reputation and good will on a public level.

37. And the threat of criminal charges being leveled from false and libelous allegations is also injurious to Plaintiff's mental and emotional psyche where the palpable feelings

of emotional distress and mental anguish are an ever present undue burden that can sap Plaintiff's good natured sensibility to help his fellow man or woman in the genuine pursuit of doing God's work.

## CONCLUSION

Plaintiff respectfully reminds this Court that he is bringing this action before it as a Common Law Tort under the jurisdictional purview of a pleading for and equitable remedy for relief of a grievance from a personal affront that has caused an emotional, mental, spiritual and financial injury. It is for that reason Plaintiff has plausibly pleaded a *prima facie* case in accordance with Haines v. Kerner, 404 U.S. 519 (1972), where the Court held that "allegations, such as those asserted by Petitioner, however in-artfully pleaded, are sufficient…which we hold to less stringent standards that formal pleadings drafted by lawyers." And, in Conley v. Gibson, 355 U.S. 41 (1957); and Dioguardi v. Durning, 139 F. 2d 744 (CA2, 1944), the Court held that Plaintiff must have an opportunity to offer proof unless it is "beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

Plaintiff hereby makes a short and plain statement that Defendant has personally made an unsubstantiated allegation to defame him that flies in the face of truth for which Plaintiff has duly given Defendant Leiro and chance to retract his false inflammatory allegations with notice of full disclosure as to what his role and relationship with Dr. Grube is, and despite being made aware of the facts of that role and relationship was Defendant Leiro has instigated a criminal investigation against Plaintiff for practicing law without a license and he has done so knowing that these allegations are not true and defamatory and Plaintiff affirmatively avers that his knowledge of the falsity of his allegations is a total reckless disregard for the truth that would cause Plaintiff irreparable damages.

It is without doubt or contradiction that Plaintiff has unequivocally proffered to this Court sufficient enough proof to make a claim for which relief can be granted for the false inflammatory libelous and slanderous statements that the Defendant has made on the public record against his good name and reputation. It is also without doubt or contradiction that those inflammatory libelous and slanderous statements has defamed Plaintiff's character and legal status as an Interfaith Reverend who under ordinary circumstances in performing his contractual duty as the Trust Protector for the Ecclesiastic Indigenous Trust Consortium he represents is beyond casual disparaging reproof, or unsubstantiated criminal allegations.

Plaintiff is a humble God loving man who always seeks to do God's Will and help his neighbor and fellow man, woman and child. There are not many, if any people who have a bad word to say about Plaintiff, and Plaintiff challenges anyone to present such people who have bad feelings about Plaintiff to put their thoughts and disapprovals about him in writing under penalty of perjury. Now, because of Defendant Leiro's reckless disregard for the truth Plaintiff has to be wary of being made a target of a criminal investigation that is beyond the pale of the Plaintiff's way of life as a law abiding man of God who loves the truth.

Although Plaintiff is not making any challenge to this Court about the legality of the statutory provision of law governing the practice of law being illegal, particularly because Plaintiff only observes and adheres to the doctrines of natural law, Common Law and Equity jurisprudences and does not engage in the practice of law as a commercialized profession under the corporate State government's regulatory authority. Therefore, Plaintiff respectfully hereby brings to this Court's attention some relevant case law concerning the practice of law.

### **JUDICIAL NOTICE OF LAW AND ADJUDICATIVE FACTS**
### (For Reference Purposes Only)

"The practice of law CANNOT be licensed by any State." (Schware v. Board of Examiners, 353 U.S. 238, 239).

"The practice of law is AN OCCUPATION OF COMMON RIGHT." (Sims v. Aherns, 271 S.W. 72 [1925]).

"No State shall convert a liberty into a license and charge a fee therefore." (Murdock v. Pennsylvania, 319 U.S. 105).

"If the State converts a right into a privilege, the citizen can ignore the license and fee and engage in the right with impunity." (Shuttlesworth v. City of Birminghan, Alabama, 373 U.S. 262).

"It is basic in our law that an Administrative Agency may act only within the area of jurisdiction marked out for it by law. If an individual does not come within the coverage of the particular Agency's enabling legislation the Agency is without power to take action which affects him." (Endicott v. Perkins, 317 U.S. 501).

**WHEREFORE**, for the good and sufficient reasons specified herein, Plaintiff, Reverend Juan-Jose`: Brookins, hereby respectfully demands this Court recognize and respect its oath bound duty to uphold Plaintiff's rights for a remedy and relief from the tortuous acts of the Defendant to injure his name and reputation by using libelous and slanderous accusation to defame and criminalize Plaintiff by granting:

A) Special Damages in the amount of Seventy-Five Thousand Dollars ($75,000.00- U.S.);

B) General Damages in the amount of Seventy-Five Thousand Dollars ($75,000.00- U.S.);

C) Punitive Damages in the amount of Seventy-Five Thousand Dollars ($75,000.00-U.S.)

D) Emotional and Mental Damages in the amount of Seventy-Five Thousand Dollars ($75,000.00-U.S.);

E) Reasonable Attorney's Fees, Court Costs and Expenses;

F) Interest as Allowed by law for Each Day the Defamatory Accusations Stay on the Agency's Public Record;

G) Public Retraction of the Defamatory Accusations from the Agency's Public Record and an Official Apology on the Department of State's State Board of Dentistry's Letterhead signed by the head of the Department Agency Bringing the Charges against Dr. Grube and Defendant Leiro;

H) Immediate Injunctive Relief from any Criminal Prosecution that Defendant Leiro has Instigated with the False Inflammatory Libelous and Slanderous Accusations against Plaintiff;

I) Jury Trial for All Issues Triable by Jury; and

J) Such Other and Further Relief as to this Court Seems Just and Proper.

Date: New York State, Westchester County.
June 23, 2023.

Verily, I Am

Reverend Juan-Jose`: Brookins
In Propria Persona, Sui Juris
46 Gramatan Avenue, #19
Mount Vernon, New York State
Near [10550] Non-Domestic