# EXHIBIT A

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE STATE BOARD OF DENTISTRY

| | |
|---|---|
| **Commonwealth of Pennsylvania**<br>**Bureau of Professional and**<br>**Occupational Affairs**<br><br>**vs.**<br><br>**Blanche Durand Grube, DMD**<br>**Respondent** | **Case No.s:**    **18-46-02952**<br>                        **18-46-012074** |

## MOTION TO STRIKE "PRIVATE ADMINISTRATIVE TRUSTEE PRESENTMENT OF A PRIVATE BILL OF DISCOVERY" FILED BY REVEREND JUAN JOSE': BROOKINS

**AND NOW COMES** the Commonwealth of Pennsylvania, Bureau of Professional and Occupational Affairs ("Commonwealth"), by and through its Prosecuting Attorneys, Gregory S. Liero and Amber Lee Czerniakowski, and files this Motion to Strike Answer filed by Reverend Juan-Jose': Brookins, and in support thereof avers as follows:

1.   On December 6, 2022, the Commonwealth filed a twenty- two (22) page, seven count Order to Show Cause against Blanche Durand Grube, DMD ("Respondent").

2.   On December 27, 2022, Respondent emailed the Prothonotary of the Department of State ("Prothonotary") asking for more time to file an answer to the Order to Show Cause.

3.   The December 27, 2022 email was forwarded to the Prosecution Division.

4.   On January 6, 2023, an attorney emailed the undersigned indicating that he would be representing Respondent and requesting more time to file an answer.

5.   The attorney's request was granted, given the complexity of issues raised by the Order to Show Cause.

6.   The attorney's appearance was never filed with the Prothonotary.

Prothonotary Filed On:
Feb 21 2023 12:00 PM
Department of State

7. On January, 10, 2023, an order was signed by Michael T. Foerster, Hearing Examiner, directing Respondent to file an answer to the order to show cause within 30 days of January 10, 2023.

8. On February 8, 2023, this same attorney notified the undersigned that he would no longer be representing Respondent.

9. On or about February 10, 2023, the Prothonotary received a "Private Administrative Trustee Presentment of a Private Bill of Discovery", (hereinafter referred to as "the Brookins' filing") filed by Reverend Juan-Jose': Brookins ("Reverend Brookins").

10. The Brookins filing is not signed by Respondent.

11. Revered Brookins is not a party to this case nor was he involved in the treatment of patients which forms the basis of the Order to Show Cause.

12. The Brookins filing appears to be an answer, on Respondent's behalf, to the Order to Show Cause.

13. By submitting this filing, Reverend Brookins is acting as Respondent's representative and/or attorney.

14. Reverend Brookins is not licensed to practice law in the Commonwealth of Pennsylvania.

15. Reverend Brookins is not an attorney.[1]

16. The unlicensed practice of law is a criminal offense in Pennsylvania. See 42 Pa. C.S. § 2524, Penalty for Unauthorized Practice of Law.

17. The General Rules of Appellate Procedure ("GRAPP"), 1 Pa. Code § 31.23, Other representation prohibited at hearings, provides that:

---

[1] See Brookins filing, page 2: "... I am authorized to represent the interests of an Express Trust in my individual capacity without the assistance of an Attorney."

A person shall not be represented at a hearing before an agency head or a presiding officer except:
    (1) As stated in § 31.21 or § 31.22[2] (relating to appearance in person; and appearance by attorney).
    (2) As otherwise permitted by the agency in a specific case.

18. Although Mr. Brookins' appearance on behalf of Respondent may be permissible under 1 Pa. Code § 31.23 (2) cited above, "As otherwise permitted by the agency in a specific case", the Commonwealth avers that allowing an unlicensed person to act as counsel in a scientific standard of care licensing case was not intended, nor need it be permitted where the general rule and custom are to the contrary.

19. Reverend Brookins is ill-equipped to represent Respondent – he is subject to potential criminal prosecution if his actions constitute the unlicensed practice of law, and he has no legal qualifications, and therefore, no legitimate legal representation experience.

20. Additionally, the Order to Show Cause in this case raises a multitude of complex medical and scientific issues, including dental and medical diagnoses, proper medication and anesthesia use, and propriety of treatment given complex medical histories, for forty-two (42) dental patients.

21. The Brookins filing previews what Mr. Brookins' representation in this case would look like: extended exposition on irrelevant matters and little to no understanding of legal substance, concepts, or rules that apply to administrative practice and procedure.

22. The Commonwealth requests that the Board strike the Brookins filing and order Respondent to file an answer, either pro se or with the assistance of a licensed attorney, whose

---

[2] **1 Pa. Code § 31.21, Appearance in Person**, provides in relevant part, "parties, except individuals appearing in their own behalf, shall be represented in adversary proceedings only under § 31.22 (relating to appearance by attorney)."
**1 Pa. Code § 31.22, Appearance by Attorney**, provides, "A person may be represented in a proceeding by an attorney at law admitted to practice before the Supreme Court of Pennsylvania, or if a similar agency of another jurisdiction accords like privileges to members of the bar of this Commonwealth, the highest court of such other jurisdiction."

appearance complies with 1 Pa. Code § 31.22, Appearance by Attorney, within thirty (30) days of the Board's order.

     **WHEREFORE**, the Commonwealth respectfully requests that the "Private Administrative Trustee Presentment of a Private Bill of Discovery" by Reverend Juan-Jose': Brookins be stricken from the record and that Respondent be ordered to file an answer to the Order to Show Cause within thirty (30) days, either pro se or with the assistance of a licensed attorney, whose appearance complies with 1 Pa. Code § 31.22, Appearance by Attorney.

Respectfully submitted,

/s/ *Gregory S. Liero*
Gregory S. Liero

/s/ *Amber Lee Czerniakowski*
Amber Lee Czerniakowski
Prosecuting Attorneys
Commonwealth of Pennsylvania
Department of State

DATE: 2-21-23

DOS Prothonotary:
Feb 21 2023

COMMONWEALTH OF PENNSYVLANIA
DEPARTMENT OF STATE
BEFORE THE STATE BOARD OF DENTISTRY

**Commonwealth of Pennsylvania**
**Bureau of Professional and**
**Occupational Affairs**

**vs.**

**Blanche Durand Grube, DMD**
**Respondent**

Case No.s:     **18-46-02952**
               **18-46-012074**

## ORDER

*AND NOW*, this        day of              2023, upon consideration of the Commonwealth's Motion
to Strike Answer Filed by Reverend Juan-Jose': Brookins, the following is **HEREBY ORDERED:**

1.  The document filed by Reverend Juan-Jose': Brookins is hereby stricken from the record.
    Reverend Brookins is not an attorney licensed in the Commonwealth of Pennsylvania and
    may not appear, argue, or submit filings on behalf of Dr. Grube in this matter.

2.  Respondent is ordered to provide an answer to the Order to Show Cause within 30 days
    from the date of this order. Respondent may represent herself or she may be represented
    by an attorney licensed to practice law, whose appearance complies with 1 Pa. Code §
    31.22, Appearance by Attorney.

**BY ORDER:**

_____

Hearing Examiner

For the Commonwealth:           Gregory S. Liero, and
                                Amber Lee Czerniakowski
                                2601 North Third Street
                                P. O. Box 69521
                                Harrisburg, PA 17106-9521

For the Respondent:             Blanche Durand Grube, DMD
                                810 Green Ridge Street
                                Scranton, PA  18509

DGS Prothonotary:
Feb 21 2023

Date of mailing:

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE STATE BOARD OF DENTISTRY

Commonwealth of Pennsylvania
Bureau of Professional and
Occupational Affairs

vs.

Blanche Durand Grube, DMD
Respondent

Case No.s:    18-46-02952
              18-46-012074

## CERTIFICATE OF SERVICE

I, Gregory S. Liero, hereby certify that I have this 21st   day of  February, 2023, caused

a true and correct copy of the foregoing Motion to Strike "Private Administrative Trustee

Presentment of a Private Bill of Discovery" to be served upon all parties of record in this

proceeding in accordance with the requirements of §33.31 of the General Rules of Administrative

Practice and Procedure, 1 Pa. Code §33.31 (relating to service  by  the agency).

### BY FIRST CLASS MAIL, POSTAGE PREPAID

Blanche Durand Grube, DMD
810 Green Ridge Street
Scranton, PA  18509

*/s/ Gregory S. Liero*
Gregory S. Liero
Prosecuting Attorney
Commonwealth of Pennsylvania
Department of State
P. O. Box 69521
Harrisburg, PA 17106-9521
(717) 783-7200

DOS Prothonotary:
Feb 21 2023

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE STATE BOARD OF DENTISTRY

Commonwealth of Pennsylvania
Bureau of Professional and
Occupational Affairs

    vs.

Blanche Durand Grube, DMD
  Respondent

Case Nos.  18-46-02952
      18-46-012074

## MOTION TO DEEM FACTS ADMITTED AND ENTER DEFAULT

  AND NOW, comes the Commonwealth of Pennsylvania, the Bureau of Professional and Occupational Affairs ("Commonwealth"), by and through its Prosecuting Gregory S. Liero, to file this *Motion To Deem Facts Admitted And Enter Default*, in accordance with Sections 35.37 and 35.178 of the General Rules of Administrative Practice and Procedure ("GRAPP"), 1 Pa. Code §§ 35.37 & 35.178, and in support thereof avers as follows:

  1. On or about December 6, 2022, the Commonwealth filed an Order to Show Cause setting forth allegations that Respondent was subject to disciplinary action pursuant to the Dental Law, act of May 1, 1933, P.L. 216, No. 76, ("Act"), *as amended*, 63 P.S. §§ 120-130L; 63 Pa.C.S. Chapter 31 ("Chapter 31").

  2. The Commonwealth served the Order to Show Cause upon Respondent by United States Postal Service certified and first class mail at Respondent's address on file with the board:

Blanche Durand Grube, DMD
810 Green Ridge Street
Scranton, PA 18509

Prothonotary Filed On:
Apr 17 2023 12:03 PM
Department of State

3.  On December 27, 2022, the Prothonotary and the Commonwealth received an email from Respondent, then *pro se*, requesting an extension of time to file a response to the Order to Show Cause.

4.  The undersigned and Dr. Grube communicated via email from December 27, 2022 through December 29, 2022 wherein Dr. Grube expressed an interest in obtaining counsel, and the undersigned requested that any counsel contact the undersigned within sixty (60) days.

5.  On January 7, 2023, the undersigned was contacted by James M. Love, Esquire, an attorney with the Titus Hillis Reynolds Love Law firm out of Oklahoma and the parties agreed on an answer date of February 7, 2023.

6.  Attorney Love's appearance was never filed with the Prothonotary.

7.  On January 10, 2023, Michael T. Foerster, Esquire, Hearing Examiner issued an order granting Dr. Grube's December 27, 2022, *pro se* request for an extension whereby Respondent was given 30 days from January 10, 2023, to file an answer.

8.  On February 8, 2022, Attorney Love emailed the undersigned and indicated that he would not be entering his appearance as counsel for Respondent.

9.  On Feburary 10, 2023, Reverened Juan-Jose': Brookins ("Brookins"), an indivual who is not an attorney and not factually involved in the Order to Show Cause, filed a document on Respondent's behalf titled "Private Administrative Trustee Presentment of a Private Bill of Discovery."

10. The Commonwealth treated this filing as an attempt at an Answer and, on February 21, 2023, filed a "Motion to Strike 'Private Administrative Trustee Presentment of a Private Bill of Discovery', filed by Reverend Juan Jose': Brookins."

DOS Prothonotary:
Apr 17 2023

11. Hearing Examiner Foerster granted the Motion, noting that "the Reverend's filing has no place here", and by order dated March 9, 2023, directed Respondent to "file an answer consistent with administrative rules either under her own signature or that of a licensed attorney as described in 1 Pa. Code § 31.22. Said answer shall be filed within thirty days."

12. On March 10, 2023, Brookins filed a second document, entitled "2nd Private Administrative Trustee Presentment By Way of Affidavit From the Office of The Trust Protector."

13. The Commonwealth did not respond to Brookins' March 10, 2023 filing.

14. On March 28, 2023, Brookins filed a third document, entitled "Private Adminstrative Default Judgment and Certificate of Claim."

15. The Commonwealth did not respond to Brookins' March 28, 2023 filing.

16. On April 6, 2023, Respondent, under her own signature, filed a motion titled "Pre-trial Discovery and Inspection Pursuant to 234 Pa. Code Rule 573 (A)."

17. Respondent's April 6, 2023 motion, through various questions, seeks to have the Commonwealth explain the basis of its jurisdiction to bring charges against Respondent.

18. The motion does not specifically admit or deny the allegations or charges in the Order to Show Cause, nor does it set forth facts relied upon, as required by the General Rules of Administrative Practice and Procedure ("GRAPP") governing answers to orders to show cause. See 1 Pa. Code § 35.37.

19. Thirty (30) days from Hearing Examiner Foerster's March 9, 2023 order was April 8, 2023, a Saturday, therefore the thirtieth day should be treated as Monday, April 10, 2023.

20. As of the date of this filing, neither Respondent nor counsel on her behalf have filed a written answer to the order to show cause that complies with Hearing Examiner Foerster's Orders and the GRAPP. See 1 Pa. Code §§ 31.21, 31.22, 31.23, 35.37.

UCS Prothonotary:
Apr 17 2023

21. By failing to file an answer within the time permitted, Respondent is in default and the Board may deem the factual allegations contained in the OSC admitted pursuant to Rule 35.37 of GRAPP, 1 Pa. Code § 35.37.

**WHEREFORE**, the Commonwealth respectfully requests that the Board enter a default against Respondent, deem the factual allegations set forth in the OSC admitted, and issue an adjudication and order imposing such discipline as the Board deems appropriate.

Respectfully Submitted,

/s/ Gregory S. Liero
Gregory S. Liero
Prosecuting Attorney
Commonwealth of Pennsylvania
Department of State
P.O. Box 69521
Harrisburg, PA  17106-9521
(717) 783-7200

DATE:  04-17-2023

DOS Prothonotary:
Apr 17 2023

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE STATE BOARD OF DENTISTRY

Commonwealth of Pennsylvania
Bureau of Professional and
Occupational Affairs

vs.

Blanche Durand Grube, DMD
Respondent

Case Nos.        18-46-02952
                 18-46-012074

## CERTIFICATE OF SERVICE

I, Gregory S. Liero, hereby certify that I have this  17th  day of April, 2023 caused a true and correct copy of the foregoing *Motion To Deem Facts Admitted And Enter Default* to be served upon all parties of record in this proceeding in accordance with the requirements of Section 33.31 of the General Rules of Administrative Practice and Procedure, 1 Pa. Code § 33.31 (relating to service by the agency).

## FIRST CLASS MAIL, POSTAGE PREPAID:

Blanche Durand Grube, DMD
810 Green Ridge Street
Scranton, PA 18509

/s/ Gregory S. Liero
Gregory S. Liero
Prosecuting Attorney
Commonwealth of Pennsylvania
Department of State
Office of Chief Counsel
P.O. Box 2649
Harrisburg, PA 17105-2649
(717) 783-7200

DOS Prothonotary:
Apr 17 2023

# EXHIBIT B



1:09   📞 1:06:57   ❄ 📶 76% 🔋

**‹   Me**
11:34 AM, Jun 15



**PHILLIP HOLBROOK**
Special Agent

Bureau of Criminal Investigations
680 Baltimore Drive
Wilkes Barre, PA 18702

Phone: 570-820-4829
pholbrook@attorneygeneral.gov



**RALPH M ZEZZA**
Special Agent

Bureau of Criminal Investigations
680 Baltimore Drive
Wilkes Barre, PA 18702

Cell Phone: 570-417-2324
rzezza@attorneygeneral.gov



Save          Share

# EXHIBIT C

USPO Registered Mail No. RB 609 066 147 US

Reverend Juan-Jose': Brookins
Trust Protector
for the Restorative Health Ministries Trust and
the Ministerial Indigenous Nations Trust (M.I.N.T.)
c/o 46 Gramatan Avenue, #19
Mount Vernon, New York State near [10550] Non-Domestic
(203) 449-8391 / (203) 727-5758
jawambi@yahoo.com

January 31, 2023

### PRIVATE ADMINISTRATIVE TRUSTEE PRESENTMENT

### OF A PRIVATE BILL OF DISCOVERY

**By Affidavit of Reverend Juan-Jose': Brookins**

**NOTICE TO AGENT IS NOTICE TO PRINCIPAL**
**NOTICE TO PRINCIPAL IS NOTICE TO AGENT**
**AND THEIR SUCCESSORS AND ASSIGNS**
**WITHOUT RECOURSE**

TO: Gregory S Leiro
Prosecuting Attorney
Commonwealth of Pennsylvania Department of State
P.O. Box 69521
Harrisburg, PA 17106-9521
(717)783-7200
grliero@pa.gov

RE: ADMINISTRATIVE AGENCY DISCIPLINARY ACTION -
Affiant Trustee's Response to Charging Documents Nos. 18-46-02952 & 18-46-012074.

Jurat

| | |
|---|---|
| Connecticut State | } |
| | }Scilicet: |
| Fairfield County | } |

Greetings Mr. Gregory S. Leiro,

I am the Trust Protector for a Consortium of private Ecclesiastic Foreign Express Trusts and an Indigenous Nation's Ministerial Trust (hereinafter, the "Trust Consortium"), of which two are named in the above letterhead caption of this Presentment for a Private Bill of Discovery giving Notice to your Agency and you that Dr. Blanche Durand Grube (hereinafter, "Dr. Grube") has been actively engaged in a private Ecclesiastic Indigenous Trust Contract with the Trust

USPO Registered Mail No. RB 609 066 147 US

Consortium's Institutional Review Board (also known as an "IRB") that is federally recognized and operating under the Common Law.

It has come to my attention, as well as the attention of the Board of Trustees for the Consortium of Trusts named above, that Dr. Grube is being investigated by your Agency for issues of practice protocols that are purportedly regulated under your Agency. As the Trust Protector of the Trust Consortium, it is my responsibility to address matters concerning the Trust's affairs and the research activities of its members in a variety of forums because that research activity is the private intellectual property of the Trust Consortium.

Pursuant to the Federal Rules of Civil Procedure (F.R.C.P.) under Rule 17(E), I am authorized to represent the interests of an Express Trust in my individual capacity without the assistance of an Attorney. That is why I am lawfully authorized to send you and your Agency this Presentment for a Bill of Discovery.

I am in possession of a copy of your correspondence that you sent to Dr. Grube dated December 6, 2022, and I have passed a copy of this correspondence on to our Board of Trustees for the Trust's Consortium and the Trustee responsible for keeping record of the research projects that we are actively engaged in because our record keeping Trustee oversees all research data we perform which is covered by provisions of intellectual property law, that as a matter of law, is proprietary and private, and includes the private information of the participants who volunteer in the proprietary intellectual research we perform. To ensure that we are compliant with our responsibilities and obligations to each participant's privacy and the law under which we are beholden as a private Indigenous and Ecclesiastic Foreign Express Trust Consortium we must be very circumspect about why and with whom we disclose such private proprietary information.

With that being stated for the record of this introductory communication to your Agency concerning the actions and conduct of Dr. Grube's practices, I am hereby giving you Notice that it is the Trust Consortium named herein that are responsible for the research actions of implementing and overseeing the study relating to our private intellectual property and the compiling of informational data and records that Dr. Grube accumulates with regard to the practices your Agency is investigating which is kept by our record keeper; Not Dr. Grube.

We fully intend to cooperate with your requests insofar as such requests do not infringe upon or undermine the integrity of the Trust Consortium's proprietary private intellectual property rights and individual privacy rights of all parties related to your Agency's investigation and the Trustees are determined to honor and adhere to the law regarding private rights, intellectual property and those laws most applicable to an Indigenous and Ecclesiastical Trusts viability, reliability and preservation as an institution for the health and spiritual well-being of our members and the mechanisms we use to provide them what is needed. If you and your Agency are not readily aware, just so you know, our Trust Consortium already has an oversight organization that is federally recognized and known as the Institutional Review Board (I.R.B.). The I.R.B. is responsible for safeguarding all aspects of research that members of our Trusts are engaged in and the authorized Overseers of the I.R.B. hereby respectfully request that certain information be provided by you and your Agency in Affidavit form, notarized and provided to us under penalty of perjury prior to any action being taken by our document custodians to remit

USPO Registered Mail No. RB 609 066 147 US

what is being requested by Dr. Grube from you and your Agency. This will ensure that the privacy rights of all members, individually and collectively, are being respected and protected, because the nature of the subject matter of your inquiry is PRIVATE and PROPRIETARY, particularly when it relates to sensitive information relating to "patients" who allegedly received exemption letters.

Our Trusts are duly established as part of an international humanitarian I.R.B. whose purpose is focused upon establishing and maintaining a health care medical research Mission/Ministry that is governed by Ecclesiastic and Indigenous Nations Private Foreign Express Trusts, Treaty, and intellectual property law. The individual and collective relationship between the members of the Trusts, and the Trusts themselves, is protected by the First, Fifth and Fourteenth Amendments and Article I, Section 10 of the Organic Constitution for these United States of America. Our Trusts have been divinely manifested as a Consortium by the Board of Trustees for the sole purpose of working in conjunction to safeguard and proliferate the interests of our members that are descendants of Indigenous Nations together with faith-based enthusiasts who share common goals with us to do God's Will as we best understand it to be.

Unquestionably, we must abide by our dedication to our rigorous guidelines that are inculcated within our Trust's Indenture Charter, By-Laws and Trust Contracts with its Trustees and Consortium members in order to avoid violation of our obligations to our Consortium's Mission/Ministry and Treaty with Indigenous Nations, as well as with intellectual property law and privacy rights. This is necessary to maintain the solvency and integrity of a private contractual relationship of the Trusts named herein with our members that is covered under the unalienable right to contract of the United States Constitution.

## BILL OF DISCOVERY INQUIRIES, INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS

For the record, and in the spirit of honesty and cooperation, Dr. Grube is a duly ordained Pastor/Minister. As such, all research activity, interactions and relationships in which she is engaged to do our research, is performed and conducted in her ministerial capacity as a servant of God. This includes, but is not limited to, and interactions which have been documented for recordation purposes. These ministerial interactions with "patients" as you call them, are private, privileged, and confidential. And, under the canons of our religious customs and beliefs, are protected by law as solemn and holy.  If you or your Agency has any irrefutable evidence to the contrary, you and your Agency are hereby directed to produce such proof in a sworn notarized Affidavit under penalty of perjury.

For the record, the so-called "patients" who have contracted by their own free will to participate in the intellectual property research we conduct through our Trust Consortium that Dr. Grube is privy to as a member in good standing are also covered under the constitutional right to contract and the privacy rights such contract provides a Party to it by law. The so-called "patients" Dr. Grube conducts intellectual property research with have entered into a private Ecclesiastic spiritual scientific research contract for which they have signed a non-disclosure disclaimer agreement to participate in by their free will consent for the betterment of all humanity. These free will participants that have contracted privately with our Trust's Consortium for the research that Dr. Grube does under the auspices of the federally recognized I.R.B. are not

USPO Registered Mail No. RB 609 066 147 US

referred to as "patients" in our epistemology as your investigative request letter dated December 6, 2022, identifies them. They are not "patients" to us. They are free will private intellectual property research participants.

Please indicate in your response Affidavit to this Presentment under penalty of perjury that your Agency's inquiries are NOT being made from a point of law that conflicts or infringes upon the private rights and intellectual property rights of an Indigenous nation and Ecclesiastic Foreign Express Trust. Because there is a private Indigenous nation and Ecclesiastic Foreign Express Trust's involvement and contractual involvement protections in the pursuit of your Agency's inquiries it is imperative that any disclosure of any aspect of ongoing research is qualifiedly recognized as unavailable due to the strict provisions of law regarding the subject matter of such pursuits should there be a conflict of laws with regard to such inquiry. The unlawful disclosure or dissemination of any document related to such intellectual property research will expose all parties to such violations of privacy and intellectual property susceptible to liability in some form or fashion.

**Please also indicate in your Affidavit that there is in fact a countervailing jurisdiction and purview based upon law to an Indigenous Nation and Ecclesiastic Foreign Express Trust, as well as Treaty Law, private rights and intellectual property rights and the reason why you believe such jurisdiction exists and why.**

We are bound by the same laws and restrictions of a contract which protects individuals, Trusts and Indigenous Nation's rights. These contractual arrangements may not be violated by Third-Party interveners under any circumstances. Furthermore, under commercial and federal guidelines, research is a process, which is intellectually protected. As there is a contractual Trust involvement between Dr. Grube and the research participants as well, which accords privacy rights protection, in addition, any disclosure of any aspect of ongoing research and its strict protections are violated by unlawful and unauthorized disclosure; and dissemination of any document related to private research will make all parties complicit in violation of federal intellectual property law, Ecclesiastic law, Common Law and Treaty law.

Again, we are bound by such restrictions just as you are, and by making such a request it must be documented for the record that **ALL** parties who are so bound thereby may be found to be in violation of the law of contract, intellectual property rights, and right to privacy; and those who are potentially bound by such restrictions should make whatever claim or request upon the private rights of a Party to said contract by way of an Affidavit under penalty of perjury.

It is therefore agreed by virtue of this response to your request, that you, as the requesting individual, and all members of the Agency requesting this information will be liable for the financial, legal and all other consequences and damages which can result from not providing the fundamental and procedural due process information to the Party being inquired of to produce private proprietary intellectual property research, and that such a claim or request to obtain lawfully protected private discovery material must be made by way of an Affidavit under penalty of perjury.

In other words, these methodologies and protocols presented by our Consortium must fall under the same research guidelines that ALL other research will fall under. Our Trust's

USPO Registered Mail No. RB 609 066 147 US

Consortium has the full intention to disseminate the findings of its research at the appropriate time under a definitive full disclosure due process protocol from both the one who is inquiring and the one being inquired of. Without disclosure, (for intellectually protected variables currently falling under the guidelines and framework of this research that the Institutional Research Board has no obligation to disclose), the profound consequence of sensitive intellectual property dissemination has the serious potential of causing undue invasion of privacy and unfair competition as a result of inducing such data to be disseminated in an untimely manner, as well as significant monetary damages. The governing Trustees of this research have the authority and obligation to exempt and exclude individuals who may not meet the guidelines to be included in this research, in other words, those do not meet the necessary criteria. These include intellectually protected variables which may not be disclosed at this point as a result of laws cited in this response.

## NO STATE MAY PASS A LAW IMPAIRING
## THE OBLIGATIONS OF A CONTRACT

This Presentment is being sent to you and your Agency to formally give Notice that we are bound by law to the respect and recognize the restrictions and distinctions of jurisdiction and purview of our obligations and duties to our covenants both public and private and we both are bound by **ALL** applicable law to adhere and uphold the same obligations to its fullest capability.

We therefore require that you make your inquiries in the form requested by this Presentment in an Affidavit under penalty of perjury detailing the fact that such inquiry is being made without conflict to the jurisdiction and purview of the private rights and intellectual property rights of an Indigenous nation and Ecclesiastic Foreign Express Trust, as well as Treaty Law, because we are both bound by the same laws and restrictions of a contract which protects individuals, Trusts, Indigenous nations and private rights.

The Trust's Consortium also requests to know what the reason is behind this letter request, who is requesting this information (names of all individuals responsible), the authority possessed by the Agency that is superior to the contractual protections which exist under constitutional law that supersedes the Trust's contracts which have been duly established and put into place long before this inquiry; and what will be done with the confidential, privileged and protected information requested when received.

This Trust Consortium also respectfully requests the details of your relationship with private corporations or other entities that are involved in procuring financial gain as a result of using government agencies and other private entities to promote and enrich their business model which entails unauthorized procurement and use of proprietary components and methodologies of protocols concerning care/counseling approaches and applications in the dissemination of research data such as that which is found in our Trust Consortium's study.

Please provide a detailed log of correspondences with such entities. This must be done in order to prevent utilization of privileged intellectual property which has the potential to be disseminated, creating unfavorable leverage in a business relationship. Serious financial damages can ensue with all parties being responsible.

USPO Registered Mail No. RB 609 066 147 US

The Trust Consortium also demands that whatever information provided by Dr. Grube to your Agency before the issuance of this Presentment be sealed from public scrutiny as it is a private intellectual property research methodology. Out Trust Consortium has already experienced external attempts to interfere with our Ecclesiastical Indigenous Trust affairs from both public and private corporations who intend to impede or profit from our research. The legislative body of the United States government has created enforceable provisions of law to protect the intellectual property rights of private citizens, corporations and Trusts which includes, but is not limited to, copyright laws, trademark, service marks, patents and trade secrets, to mention a few. The governing provisions of these laws are enforceable under the Common Law and Equity jurisprudences and legislated statutory codes 15 U.S.C. § 1127 for civil law restrictions and 18 U.S.C. §§ 1831 & 1832 for criminal penalties.

Individuals, corporations and Trusts can pursue civil remedies to address violations of their intellectual property rights and where criminal sanctions are warranted sometimes as a punishment to ensure deterrence for violations of intellectual property that are construed as a felony with up to three (3) years imprisonment and $250,000.00 fine per 17 U.S.C. § 506 and 18 U.S.C. § 2319(D). Theft of trade secrets come under 18 U.S.C. §§ 1831 & 1832 and carries a criminal penalty of up to fifteen (15) years and a $5,000,000.00 fine.

Upon receipt of your notarized Affidavit under penalty of perjury answering the questions requested by us in this Private Bill of Discovery, the Trustees will be more than happy to consider the information being inquired of by you and your Agency and we will take measures to provide all information requested.

As stated above, intellectual property law protects proprietary methodologies and trade secrets. Violating intellectual property law may take place accidentally or purposefully for some specific gain or competitive intrusion. Willfully and knowingly violating intellectual property law is a federal offense and all involved have the potential to be personally and collectively prosecuted and be subject to civil and/or criminal action for violation of such.

## **RELEVANT POINT OF LAW**

Supreme Court Justice Brandeis stated in the case of <u>Olmstead v. United States</u> that "Decency, security and liberty alike demand that government officials shall be subjected to the same rules of conduct that are commands to the citizen. In a government of laws, the existence of the government will be imperiled if it fails to observe the laws scrupulously. Our government is the potent omnipresent teacher, for good or for ill, it teaches the whole people by its example. Crime is contagious. If the government becomes the law breaker, it breeds contempt for the law; it invites every man to become a law unto himself; it invites anarchy. To declare that in the administration of criminal laws (or Administrative Laws) that the end justifies the means is to declare that the government may commit crimes in order to secure the conviction of a private citizen – [and] – would bring terrible retribution. The Court should set its face against that pernicious doctrine...and so should every law enforcement student, practitioner, supervisor and administrator." (<u>Olmstead v. United States</u>, 277 U.S. 438 [1928]).

USPO Registered Mail No. RB 609 066 147 US

## NOTICE OF VIOLATIONS OF LAW AND PRIVATE RIGHTS
## SHOULD YOUR AGENCY NOT ESTABLISH ITS JURISDICTIONAL AUTHORITY
## TO INFRINGE UPON OUR PRIVATE PROPRIETARY SPIRITUAL INTELLECTUAL
## PROPERTY RESEARCH

At this point in time, you and your Agency are in unauthorized possession of intellectual property. Being that the Trust Consortium is an irrevocable ecclesiastic indigenous research private entity, this also places you in a position of having taken and analyzed techniques and methodologies from a private and secured entity to use to further profit and monetary gain. Each instance of intellectual property violation can carry a fine of up to $250,000. The penalties accrue each day that you are in possession and use for commercial gain. Intellectual property includes patents, trademarks, copyrights and most importantly trade secrets. Therefore, the Trust is obligated to be in the process of proceeding with legal and administrative action to procure relief, remedy and financial damages. It is noted for the record that the research entity is in a Trust Consortium with American Indian Nations and other indigenous groups. As you are well aware there are serious jurisdictional issues also involved as a result of this. If you have irrefutable evidence to negate this fact, it must be presented in affidavit form in sworn testimony under penalty of perjury or it will stand as truth. This makes our claim against you actionable in both state and federal Court and before the United Nations human rights tribunals, world Court and all Human Rights venues internationally. You clearly indicate that you have conducted an "investigation" regarding Dr. Grube's "patients".

The investigation of an Ecclesiastic irrevocable private indigenous research Trust and its members may not be conducted by a public legislation statutory Administrative Agency such as yours without verifiable proof of jurisdiction. Our private Ecclesiastic research study is being done under Common Law jurisdiction and its contents you refer to as "records" has led to the unauthorized release of information related to individuals of different races, religions and cultures. These also include those which are shared with LGBTQ organizations whose identities must be protected under human rights law. The sanctity of our private Ecclesiastic Indigenous entity's information has been breached and violated by your agency and you. The Trust Consortium, and I, as the Trust Protector, have no other recourse but bringing an action against your Agency and you in a Court of competent jurisdiction pursuing all remedies and restitution for the intrusive violations of rights under color of law to make the Trust Consortium whole again.

You indicated in your allegations against Dr. Grube that this action is pursuant to dental law. I and the Trust Consortium unequivocally rebut any presumption that our research is applicable to statutory dental law. And I affirm under penalty of perjury that everything our Trust Consortium does is under Ecclesiastical and Common Law jurisprudences, and I have the duty and obligation to notify you that the Ecclesiastical law and private intellectual institutional research we conduct carries an absolute immunity privilege where dental law is bound by a restrictive degree of protection under the auspices of your Agency.

In your "factual" allegations part of your document, you state that the respondent has entered a dentist/patient relationship with each of the following individuals, patients 1-42 and that the commonwealth has prepared an identity key to the Order to Show-Cause which will be served on respondent and provides the name of each individual identified as "patient". The Trust

USPO Registered Mail No. RB 609 066 147 US

has an obligation to provide clarification and insight to this erroneous allegation. These so-called "patients" are all individuals who received ministerial care/counseling within the time frame you have indicated. You must indicate under penalty of perjury that these individuals are *not* private Trust Consortium members who are not part of an Ecclesiastic Indigenous Trust Contract Relationship that is engaged in private ministerial intellectual property research.

Therefore, your public Agency has unlawfully procured one of the membership rosters of a private Ecclesiastic Indigenous Foreign Express Trust entity and made them public without notice or permission from the Trust Consortium, which also has private membership protections within its body of laws contained in the Trust's Indenture. You also have indicated that the purported Respondent, Dr. Grube, also rendered dental services and/or treatment to patients 1- 42 in the Commonwealth of Pennsylvania. Your Agency should be aware of the fact that the epistemology of Spiritual/Physical Ministerial Care/Counseling cannot be construed as "dental services" because it is not the same as what conventional dental services under statutory law are and this epistemological misclassification of the methodology of Dr. Grube's implementation for our intellectual proprietary research is being made by your Agency to impose a statutory intrusion on research data compiled by our private institutional research. The relationship and methodology of our ministry for all these individuals who are pledged by contractual relationship to our Trust Consortium is privileged, confidential and protected by law.

Needless to say, you and your Agency are making erroneous assumptions and are proceeding on the basis of these assumptions. You cite numerous so-called "patients" who are individuals of a completely different category to our private Common Law Trust organization. This fact and dissimilar distinction will apply to every "count" alleged against Dr. Grube that you site. These are free will individuals receiving ministerial care/counseling in accordance with the principles of our religious beliefs and Native Indigenous customs. Nevertheless, in order to guide you more effectively in your future assessments we would like to provide you with some general insights, so you do not transgress along the same path again for other individuals. You are hereby directed to indicate the substance and nature of what you consider to be "factual" in your responses to this Bill of Discovery as it relates to the Common Law and not the statutes and codes of the State legislature. Factual means it is of a substance and nature of proven repeated and observed bases. We are proceeding to give you some factual insight and assistance, so you do not commit the same transgressions to other individuals with your misapplication of the epistemological classification of our research participants.

On count one you indicate that the respondent commenced a dentist/patient relationship with patient number 42. This individual that you refer to as the "patient" is receiving "hands-on" spiritual ministerial care/counseling. There is a marked distinction between the two. You further go on to divulge the history of this individual in the private and confidential protected relationship as anemia, abnormal EKG, not being under care physician, not aware she had entered allergies, blurred or tunnel vision and bleeding gums. A detailed health history of the individuals you cite in your document is made public on all seven "counts". Noting sensitive and potentially damaging health information on a publicly accessible document is a significant violation of the sanctity of this relationship.

P r i v a t e   A d m i n i s t r a t i v e   T r u s t e e   P r e s e n t m e n t
B y   A f f i d a v i t   o f   R e v e r e n d   J u a n - J o s e ` :   B r o o k i n s

USPO Registered Mail No. RB 609 066 147 US

If you have irrefutable evidence to indicate anything to the contrary, it must be disclosed at this point, or it will stand as truth. You further add that the respondent departed or failed to conform to the standards of acceptable and prevailing dental practice. Once again you are assuming a patient/dentist relationship in this count and every following count. You add that the Respondent extracted endodontically treated teeth #13 and 19 and removed porcelain fused to metal crowns number 2,15,18 and 19 and replaced them with non-metallic crowns and removed implants in teeth #5,18 and 19 stating that there was no justification for this. You also indicate that procedures were performed on teeth numbers 1, 16, 17, 20 and 32 along with cavitation surgery.

Please indicate what is the basis of your decision for judging the justification for non-removal or change here. It is unethical to make a multidimensional assessment known as "diagnosis" from a two-dimensional representation known as an X-ray or picture. Did you direct these individuals who are protected by privilege and confidentiality to appear before you, and if so, did they? If not, what is the basis of your assessment? You also indicate mental nerve damage resulting in paresthesia from removal of implants 29, 30 and 31. You also indicate that there is mental nerve damage as a result of this and that the individual should have been referred to an oral and maxillofacial surgeon. Also described as unnecessary by you is surgery known as "cavitation surgery". In the national journal of Maxillofacial surgery, cavitational osteo necrosis is cited as a serious and health threatening condition. These dead tissue areas are often referred to as Focal Osteoporotic Marrow Defects and early in their discovery were call neuralgia- inducing cavitational osteonecrotic legions (or NICO). This was cited as far back as 1915.

The Trust Consortium is very interested in knowing what your basis for these assessments are, in fact it is imperative to have the full identity and training of the individual/individuals who came to this conclusion without actually having seen the individuals receiving care in question. The Trust Consortium needs to know the level of training, including but not limited to their percentage of negative assessments of procedures and protocols done by those in practice. It is also important that we have these personal individual's information in order to bring action against them since they are also illegally in possession of Trust property, and the Trust Consortium has an obligation to proceed with action against you "experts".

If there is any positive financial motivational incentive related to the action and decisions of your "consultants" this must be disclosed. The Trust Consortium must know the percentage of negative decisions made by these individuals in comparison to the total amount of cases examined. The decision to extract endodontically treated tooth such as teeth #13 and 19 is one which had been arrived by mutual consent between the individual receiving care/counseling and one receiving it. The health hazards of retaining and endodontically treated teeth has been well demonstrated and documented by Dr. Weston Price over many decades ago. This has clearly been demonstrated by implanting root canal treated teeth from a test subject with disease into another disease-free subject, in seeing the formation of the same disease in the recipient. It is impossible to eradicate microorganisms in lateral canals and these become a focal point of disease later in life. There are millions of these in each tooth and these are epicenters of disease which can go to the heart, joints, liver, brain, kidneys and other organs. This creates the potential for life threatening health problems and disease.

P r i v a t e   A d m i n i s t r a t i v e   T r u s t e e   P r e s e n t m e n t
B y   A f f i d a v i t   o f   R e v e r e n d   J u a n - J o s e` :   B r o o k i n s

USPO Registered Mail No. RB 609 066 147 US

Regarding count 2, unprofessional conduct "patient 42" please note that there is once again a private, privileged and ecclesiastically protected relationship between the individual noted as "patient 41" and Dr. Grube, who offers care/counseling. This individual's private information includes skin cancer, multiple traumatic injuries, diabetes treated by metformin and glipizide and memory loss has been brought into the public domain. Indicate under sworn testimony under penalty of perjury that this information will never be accessed or used by any other parties. This unauthorized dissemination of information applies to all other counts as well. The "treatment" at issue cited states departure from standards of acceptable and prevailing practice.

Once again, without having adequate and accurate information the possibility of a "diagnosis" is unfounded. Mentioned is the removal of a PFM crown on tooth #8 and replacement with a non-metallic crown. There is no justification cited for doing so according to your allegation. And once again, this relationship is privileged, confidential and protected and any goods and services exchanged within it is private domain. The hazards of having oxidizable, toxic metallic substances in the body are well documented. This includes damage to the immune system, brain, heart, liver, kidneys and other organs. There is ample evidence to show that these are also carcinogenic. The original metallic restorations, dangerous to an individual's health, routinely contain nickel, cadmium, barium, beryllium, titanium, indium, lead, palladium and mercury. If you have irrefutable evidence to negate this, it must be presented under oath in a sworn document. Note that there is no clinical documentation cited for justifying the extraction of tooth #9 in your report. It is impossible to make this assessment without seeing this individual. Did one of your representatives examine this individual prior to extraction? This must be noted for the record, or the validity of "diagnosis" will not be sound. Your Agency also stated that dental amalgam was removed on teeth 2,3,19,31 and 32 and replaced with non-amalgam restorations and that there is no radiographic evidence of decay on these teeth and that the removal was not in the best interest of the patient.

To clarify this issue for your personal edification it should be noted that there is clear evidence of carrying toxic material such as amalgam in the human body. This is a material that is mandated to be disposed of in biological hazard waste containers and for this reason there is no justification to place it and maintain it in the mouth or any other area. Mercury amalgams have been documented to release vapor into the body, this can be inhaled and absorbed by the lungs. Symptoms may include cough, fever, skin rashes, tremors, difficulty in muscle coordination and walking, kidney issues and memory loss. If you have irrefutable evidence to contradict this, it must be provided in a sworn notarized Affidavit.

The Environmental Protection Agency documents the health effects of exposure to mercury. These include tremors, emotional changes, insomnia, neuromuscular changes, headaches, disturbances in sensations, changes in nerve responses and poor performance on tests of mental function. In your allegation it should also be noted that one cannot determine the presence of decay from a mere X-ray. This indicates that your consultant once again is attempting to make a diagnosis from a two-dimensional representation or has seen and had a chance to examine this individual. Had this taken place, it would have been after the fact anyway. Did one of your specialists examine this individual before the removal had taken place? You also describe what is referred to as "cavitation surgery "and removal of pathological tissue

USPO Registered Mail No. RB 609 066 147 US

and that this procedure is not recognized or identified in the field of dentistry or medicine. Your Agency and you are directed to indicate in sworn testimony under oath that you can irrefutably decide that the tissue is not pathological based on your intrusive and unauthorized review of this individual's private and sensitive information. There are bacteria viruses' fungi and other microorganisms of pathology that potentially make any tissue of the body pathological. Was one of your representatives available during the procedure and if so, did they sample this tissue, take a biopsy and send it to a pathology lab? Also noted by you is that the "patient" is not a "good breather" and that there was a need to increase oxygen to three liters. Did you perform a pulse oximetry and spirometry test to make an assessment of this? It is documented with the degree of environmental and internal pollution that the vast majority of individuals have some form of breathing issues. This is not an impediment to administering any type of anesthetic unless deemed to be decided by the individual rendering the care/counseling. It is noted that this individual was not adequately monitored while under sedation. You are assuming that after a sedative was taken or given sedation was ongoing. Once again, this relationship is privileged, confidential and protected. You are directed by this Presentment to provide evidence under oath that you have irrefutable evidence as to lack of monitoring. Were any of your representatives there at the time of procedure? Based on the information you have collected under duress it is apparent that highly sensitive components of this individual's private information once again have been brought into the public domain. This has now compromised this individual's ability to gain employment or benefit from privileges that would be possible had it not been brought into public domain. These may be construed as a disability creating great impediments, restrictions and hardship for this individual causing emotional, psychological and financial distress.

Regarding count three it is stated that the respondent commenced a patient/dentist relationship with "patient #40". What you label as such is a relationship involving ministerial care/counseling which is privileged, confidential and protected by law. Divulging sensitive medical information of this individual having received ministerial care/counseling can have detrimental consequences in the future. You also cite a departure from the standards of acceptable clear dental practice. It must be noted that your assessment once again needs to be clarified to an individual receiving care/counseling. You cite that there's extensive serological testing performed. Any individual in Pennsylvania can order any testing and serological testing need not be performed merely for the sake of obtaining information on dental issues but can be a general panel which can even be ordered by the individual himself. A referral to a physician is not mandatory, it is an elective decision based on an individual who makes a choice.

Furthermore, hair toxicity activity testing is cited as having been conducted on "patient 40". There is no indication in our research or our Trust relationship that this is indeed related to any practice of dentistry and maybe for general benefit and assessment. Mercury vapor testing was also reported to have been conducted. It is documented that mercury is a poison and there is a volume of literature showing that. Any methodology to test whether an individual is suffering from the effects of mercury can only be of benefit to a person getting care/counseling. There is no mention of any vapor testing which is documented as being related to the practice of dentistry since Dr. Grube's relationship with the individuals that she provides ministerial care/counseling to is not within the relationship you site. The Respondent reportedly removed dental amalgams. It is cited that the respondent removed dental amalgams on teeth 3,4,5,12,14, 18,19,30 and 31 and replaced them with non-amalgam restorations and an online response to those decay there's

USPO Registered Mail No. RB 609 066 147 US

no radiographic evidence of decay as cited by you. It is a well-known fact again that radiology alone is not sufficient to determine whether or not there is decay. You also cite that the removal of the amalgam was not necessary. Any toxic material that can cause health issues, especially one which must be disposed of in biological hazard containers, has the potential to cause harm in the body the longer it is in the body. Referring to the cavitation surgery issue on "patient 40" once again, what is referred to as pathological tissue cannot be assessed to be a pathology by anything other than a certified laboratory.

Many areas of the body contain tissues that may be pathological, and these can be of detrimental health threatening consequence to the body. You also cite that 9 carpules of carbocaine were administered to the patient. Are you aware that there is a distinction of 1.5%, 2%. and 3% carbocaine and each has a therapeutic safety dose. Under this it is not determinable if these were full carpules or partial carpules or of what type of concentration of carbocaine was contained in these and therefore your assumption that the total recommended total dosage is not used in single sitting is excessive is based on non-factual assessment. You also note that the patient was given a dose of versed, and that the treatment continued until 5:00 PM. This is a 7-hour treatment, and it is common in the field of surgery and other anesthetic procedures to go on 8,9, 10 and even 11 hours long when necessary **and at times it is up to the discretion of the doctor to add more anesthetic in order to accomplish the procedure.**

It is our Board of Trustees opinion that your Agency and you are assuming that the so-called "patient" in question was not adequately monitored while under sedation. Dr Grube holds a fellowship in conscious sedation and has never sedated a patient or parishioner without careful monitoring. There is no evidence to indicate that this was or was not taking place and once again since all information is privileged and confidential this is of no consequence.

In count 4 this sensitive medical history of this individual is revealed and brought into a public venue. You cite that the respondent departed from or failed to conform to standards of acceptable dental practice. This individual is receiving care/counseling and there are many other variables and has been cited before. One of your areas of accusation is that a four-unit bridge was removed without clinical justification. You are directed by this Presentment to indicate what the clinical justification would be and what basis you have to make this clinical determination and furthermore which components of this were not pertinent or visible in this area as per your chart only analysis. Was the bridge cracked or loose or did it need replacement for other reasons. What is the basis of your decision and who is the individual who made this decision? Removal of a four-unit bridge and cavitation procedures according to what you cite have the risk of bleeding, postoperative infection and pain. It should be noted that **any** procedure carries a risk of bleeding post operative infection and pain. As far as the risk of endocarditis is concerned, your Agency and you state that antibiotic prophylaxis was an issue. The simple act of defecation has been shown to show bacteria into the bloodstream. This would mean that antibiotic prophylaxis would be needed prior to defecation. Where do you see that the respondent failed to give additional antibiotic prophylaxis prior to treatment? It is very probable that this individual received it or took it on their own. Regarding the administration of 7 carpules of carbocaine you do not specify whether these carpules were full carpules or partial carpules and that adequate monitoring was not performed while the sedation took place. What is your basis for determining whether or not this took place. You are directed to specify under oath a response to this.

Private Administrative Trustee Presentment
By Affidavit of Reverend Juan-Jose`: Brookins

USPO Registered Mail No. RB 609 066 147 US

On count 5 once again a detailed medical history including the status of the so- called "patients" presence of cancer is revealed. You cite that there is departure from acceptable prevailing care and once again cavitation surgery is cited as having been performed. Cavitation surgery once again is another word for removal of dead necrotic or infected tissue which may be of detriment to the patient's health causing heart, kidney, brain, joint and other problems. You also note that the respondent ordered and obtained multiple tests for health conditions which are unrelated to the field of dentistry. Specify that Dr. Grube ordered these tests specifically in relation to her position as a dentist. There is a record of extraction of the following teeth 2, 3, 14, 18 and 31 and these are stated to be not clinically justified. How have you made your determination based on a sole representation by X ray or a chart?

These allegations are not sufficient for a rational scientific diagnosis. There is also a documentation of administration of intravenous vitamin C and you note that vitamin C is not FDA approved as a cancer therapy. Please indicate under sworn testimony that this individual is indeed Dr. Grube who is administering this to so-called "patient" as a response to his cancer. There is no indication that vitamin C was administered in response to cancer. Nevertheless, the health benefits of Vitamin C have been documented to be of benefit for overall health. Please indicate the side effects of vitamin C that you indicate have been reported and what the dosages are and what dosage of vitamin C was received by this individual. The fact that the "patient" died approximately one month after this or last appointment with the respondent have absolutely no bearing on the proximity of the dental appointment. Has a forensic evaluation been ordered and or done? What other circumstances are involved in this person's life which could have caused this? The proximate cause you cite is pure conjecture, being that there is a significant health compromise in place already.

Regarding count 6 of your allegations, you cite that laboratory testing is beyond the scope of dental practice. This is in fact not true because a patient or any other individual may readily order their own test online and a blood-based laboratory test may be ordered for issues other than those which relate to dental issues. These are commonly referred to as remotely ordered tests.

Regarding count 7, the Respondent noted abnormalities or concerns in the blood testing results of patients 2, 3, 7, 19, 25, 28, 37, 40 and 41. This appears to be an empirical observation which does not have any bearing on any care/counseling. Regarding the standard of care related to referring to medical professionals it is up to the person receiving the ministerial care/counseling to follow through with any further assessment by specialists. This is not the responsibility of the individual rendering the ministerial care/counseling. Therefore, on all these counts there is a significant degree of intrusion into the private methodologies of our research, as well as violations of Trust law, violations of Ecclesiastical law, violations of private proprietary intellectual property law and violations of these individuals' right to privacy and civil and ecclesiastic rights. Monetary compensation will need to be provided to Dr. Grube in an amount far exceeding what you cite.

**PLEASE TAKE NOTICE** that this is an informational Private Administrative Trustee Presentment Notice for a Bill of Discovery that is intended to protect all individuals involved in this matter and the interests of the Trust Consortium. **Upon receipt of this Presentment for a Bill of Discovery, you will have ten (10) days to provide a notarized response under penalty of**

USPO Registered Mail No. RB 609 066 147 US

perjury, indicating your understanding of the subject matter of this Notice and addressing all issues related to this matter in accordance with the appropriate law references. The record keepers of the Trust's Consortium will move forward to provide all assistance necessary to comply with your response. (Please indicate in your response that your interest in Dr. Blanche Grube's research is or is not private, Church/Trust/Native American property. If you have any reason or proof to substantiate that this material does not have intellectual property protections attached to it, please identify the law you rely upon explaining with particularity why it does not).

PLEASE TAKE FURTHER NOTICE that by failing to respond and resolve the material issues and concerns of this Notice, the recipient(s) hereof will have tacitly acquiesced to the ramifications of what this Presentment lawfully entails to provide under the administration of private Trust law and said recipient(s) will be equitably estopped from taking any further action against Dr. Grube and the intellectual property rights of the Trust Consortium, and

PLEASE BE ADVISED that such tacitly acquiesced failure to respond to this Trustee Presentment equitably estops any claims against Dr. Grube and the intellectual property rights of the Trust Consortium whereby any Administrative Agency Tribunal pursuing a claim against Dr. Grube and the intellectual property rights of the Trust's research is effectively without any jurisdiction or other presumptive standing, as no justiciable controversy in law, equity or material fact would exist between the Party imposing such a claim or inquiry without acknowledgement in honor of the controlling law governing private intellectual property held in the private Foreign Express Trusts named in this Presentment.

PLEASE BE FURTHER ADVISED that your Agency and you are directed to provide irrefutable evidence to contradict the facts, truth, law and proof elucidated upon within this Private Administrative Trustee Presentment by Affidavit from the Trust Protector within ten (10) days of your receipt of it and to provide your response with a notarized Affidavit under penalty of perjury by your constitutional oath. Failure to do so will effectively trigger the Doctrine of Tacit Acquiescence in an admission that there is no substantive basis for your unfounded allegations that essentially activates the Doctrine of Equitable Estoppel and Stare Decisis thereby precluding you and your Agency from taking any adverse action against Dr. Grube in any forum or tribunal whatsoever. You are advised to seek legal counsel yourself for the unauthorized intrusion into private, ecclesiastic, confidential and protected relationships in at least 47 individuals who are part of our Trust Consortium.

I, Reverend Juan-Jose`: Brookins, hereby affirm under penalty of perjury that I have personal firsthand knowledge of the statements made by me within this Presentment. I declare that those statements are true and correct to the best of my informed knowledge and belief, and as to those statements for which I have no personal firsthand knowledge I believe them to be true, so help me God.

Thus, Further Affiant Sayeth Not.

USPO Registered Mail No. RB 609 066 147 US



Verily I Am

Rev. Juan-José: Brookins

Reverend Juan-Jose`: Brookins
*In Propria Persona, Sui Juris*

## NOTARY ACKNOWLEDGMENT

On the 31st day of January 2023, before me, personally appeared Reverend **Juan-Jose`: Brookins,** whose name is subscribed upon this instrument and has acknowledged to me that he will execute the same in his authorized capacity. I certify under PENALTY OF PERJURY under the laws of the United States that the foregoing paragraph is true and correct.



Notary

My Commission Expires_____

> BEVERLEY CHRISTIE
> NOTARY PUBLIC STATE OF CONNECTICUT
> My Commission Expires June 30 2024

Private Administrative Trustee Presentment
By Affidavit of Reverend Juan-Jose`: Brookins

# AFFIDAVIT OF NOTARY PRESENTMENT

On January 31, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below.  I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Commonwealth of Pennsylvania Department of State**
**P.O. Box 69521**
**Harrisburg, PA 17106-9521**
**Attn: Gregory S Leiro, Prosecuting Attorney**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Private Administrative Trustee Presentment of A Private Bill of Discovery (15 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By registered mail no.:_____RB 609 066 147 US ,_____Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

**IN WITNESS** hereof I hereunto set my hand and official seal

*By: K. Montaque*

K̲arrine Montaque, Notary Public

Commission Expiration: _05/21/2023_

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
_05/21/2023_

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

Reverend Juan-Jose.
Klinine Montrae, Notrey Public
post office Box 1887
Valley Stream New York 11582



RB 609 066 147 US

United States Postal Service
REGISTERED MAIL
Label 200, JUN 1999
(10295) 99-Mr-1904

Commonwealth of Pennsylvania
Department of State
P.O. Box 69521
Harrisburg, PA 17106-9521
ATTN: GREGORY S. keiro
Prosecuting ATTorney

Registered No. RB609066147US

| Postage $ | $8.92 | | Date Stamp |
|---|---|---|---|

Extra Services & Fees

| Extra Services & Fees (continued) | |
|---|---|
| ☐ Signature Confirmation | $ |
| ☐ Signature Confirmation Restricted Delivery | $ |

| Registered Mail $ | $15.25 |
| ☐ Return Receipt (hardcopy) $ | $3.25 |
| ☐ Return Receipt (electronic) $ | $0.00 |
| ☐ Restricted Delivery $ | $0.00 |

| Total Postage & Fees | $20.58 |

Customer Must Declare Full Value $0.00

Received by 01/31/2023

Domestic Insurance up to $50,000 is included based upon the declared value. International Indemnity is limited. (See Reverse).

FROM
Rev Juan Jose Brookins
c/o Karrine Montague
Post Office Box 1387
Valley Stream NY 11582

TO
Commonwealth of Pennsylvania
Department of State
P.O. Box 69521
Harrisburg, PA 17106-9521

PS Form 3806, Registered Mail Receipt
April 2015, PSN 7530-02-000-9051
For domestic delivery information, visit our website at www.usps.com ®

Copy 1 - Customer
(See Information on Reverse)

---

Debit Card Remit                          $20.58
    Card Name: VISA
    Account #: XXXXXXXXXXXX1416
    Approval #: 867071
    Transaction #: 658
    Receipt #: 029838
    Debit Card Purchase: $20.58
    AID: A0000000980840          Chip
    AL: US DEBIT
    PIN: Verified

Text          number to 28777 (2USPS)
to            Standard Message
and                       ply. You may also

---

SENDER: COMPLETE THIS SECTION

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:
Commonwealth of Pennsylvania
Department of State
P.O. Box 69521
Harrisburg, PA 17106-9521

9590 9402 3777 8032 5028 24

2. Article Number (Transfer from service label)
RB609066147US

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _K. Naik_                    ☐ Agent   ☐ Addressee

B. Received by (Printed Name)          C. Date of Delivery
   K Naik                              Feb 10 2023

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☒ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

# EXHIBIT C1

Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)
c/o 46 Gramatan Avenue, #19
Mount Vernon, New York State [10550] Non-Domestic
(203) 449-9391 / (203) 727-5758
jawambi@yahoo.com

March 6, 2023

2nd PRIVATE ADMINISTRATIVE TRUSTEE PRESENTMENT
BY WAY OF AFFIDAVIT FROM THE OFFICE OF THE TRUST PROTECTOR

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
AND THEIR SUCCESSORS AND ASSIGNS
WITHOUT RECOURSE

## NOTICE OF FAULT AND OPPORTUNITY TO CURE

TO: Gregory S. Leiro, Esq.
Prosecuting Attorney
Commonwealth of Pennsylvania Department of State
P.O. Box 69521
Harrisburg, PA 17106-9521
(717)783-7200
grliero@pa.gov
USPO Certified Mail No. 7014 0510 0002 2410 1488

Shawn Casey, D.M.D.
Chairperson
Pennsylvania State Board of Dentistry
P.O. Box 2649
Harrisonburg, PA 17105-2649
USPO Certified Mail No. 7014 0510 0002 2410 1518

Al Schmidt
Acting Secretary of State
302 North Office, Building 401
North Street
Harrisburg, PA 17120
USPO Certified Mail No. 7014 0510 0002 2410 1501

Linda L. Dodson
Prothonotary
P.O. Box 2649

2601 North Third Street
Harrisburg, PA 17120
USPO Certified Mail No. 7014 0510 0002 2410 1495

RE: ADMINISTRATIVE AGENCY DISCIPLINARY ACTION -
Affiant Trustee's Response to Charging Documents Nos. 18-46-02952 &
18-46-012074.

**This is a 2ⁿᵈ Private Timely Demand for a Pure Bill of Discovery for the Nature and Cause of Accusation – Not a Discovery Motion** (*See* New York Consolidated Laws, Civil Practice Law and Rules, CVP § 3041 "Bill of In Any Case").

Jurat

```
------------------------------------       }
New York State                             } Scilicet:
                                           }
Westchester County _____
```

Greetings Again Mr. Gregory S. Leiro,

On January 30, 2023, I, Reverend Juan-Jose': Brookins, the Trust Protector for the Ministerial Indigenous Nation Trust (M.I.N.T.) Consortium and a federally registered I.R.B. (Institutional Review Board), sent you and your respective Offices a Private Timely Demand of a Pure Bill of Discovery for the Nature and Cause of Accusation that has not been answered by any of the addressed Respondents to this lawful request being made from an Ecclesiastic Overseer Trustee that has Power of Attorney for Dr. Blanche Grube, a *bona fide* member of an indigenous and religious federally recognized Foreign Express Trust entity who is also a duly ordained Pastor/Minister colleague and constituent.

As a fundamental colleague and constituent research Member of the M.I.N.T. and the I.R.B (Institutional Review Board), all the activity, methodology and relationships Dr. Grube has with the participants of the research being conducted by our private Indigenous Ministerial Trust Consortium is performed and conducted in her capacity as a Minister. This includes, but is not limited to, any transactions between her and our research participants that have been documented. These transactions are private, privileged, confidential, and

2 | P a g e

NOTICE OF FAULT AND OPPORTUNITY TO CURE

beyond the scope of any public forum statutory jurisdiction because it is private ecclesiastical research that is protected by federal law.

The research being conducted by Dr. Grube is performed under the auspices of an Indian Joint Venture Spiritual Health Research Private Trust and the I.R.B. (Institutional Review Board) that is duly registered with the Federal Drug Administration (FDA) and Health and Human Services (HHS) and is approved by those agencies and recorded in their database. The research data Dr. Grube gleans from using our methodologies belongs to the Indigenous Ecclesiastic Trust Consortium and is the Trust Consortium's private intellectual property. Your Agency's purported "disciplinary action" is an overreach of public governmental presumptive statutory authority into a private research intellectual property domain. The federal government has created enforceable rights for "intangibles" that are known as intellectual property, including, but not limited to, copyrights, trademarks, service marks, registrations and trade secrets. These intangibles fall under copyright law, trademark law, and trade secret law.

In this particular case your Agency's disciplinary action makes a presumptive adverse claim against Dr. Grube who is not the one that owns, controls or administrates the research she conducts on behalf of the Trust Consortium she is affiliated with because it is our methodologies that she uses in the research she conducts, and the data collection of that research methodology is private intellectual property that is owned by our Trust Consortium.  Your Agency's purported disciplinary action against Dr. Grube for performing private research containing intellectual property that is gleaned through our institutional ecclesiastic methodology can be construed as violating trade secret law under 18 U.S.C. §§ 1831 & 1832, which prohibits the unauthorized disclosure of any confidential and proprietary information, such as: formulae, device or compilation of information when that information possesses an independent economic value because it is secret, and/or the owner has taken reasonable measures to keep it secret, and/or protected.

NOTICE OF FAULT AND OPPORTUNITY TO CURE

The FDA defines intellectual property as creations, or expressions, inventions, discoveries, information, artistic works, literary works, software, designs and symbols. The three most relevant definitions mentioned here are expressions, discoveries and information which are prevalent in the research being conducted by Dr. Grube under the auspices of our Trust's Consortium. That is why I sent you and your Agency a PRIVATE TIMELY DEMAND FOR A BILL OF DISCOVERY giving you and your Agency NOTICE that our Trust Consortium has an equitable claim to the information that you require Dr. Grube to disclose. That private Trustee Presentment was not sent to join issue with your disciplinary action in a public Agency forum.

The Timely Pure Bill of Discovery was sent to you and your Agency by me *privately* to get a fix on the substance and nature of your adverse action that may directly or indirectly impact our trade secret methodologies. **It was *NOT* sent to be filed as a part of your public forum Agency action on behalf of Dr. Grube. It was sent to give you and your Agency Notice and Opportunity of our intent to protect private proprietary intellectual property that belongs to our Trust Consortium.** That is why the letterhead on the correspondence was addressed from me, the Trust Protector, to you and your Agency Officials personally and only identified my name, title and office as the Trust Protector and did not include the Agency Tribunal's forum name or official identifying office that your purported disciplinary action is taking place anywhere in the first Private Administrative Trustee Presentment.

For your information, the Private Timely Demand of a Pure Bill of Discovery for the Nature and Cause of Accusation is a Common Law fundamental right of due process which is protected by the Sixth Amendment to the Constitution for the United States of America. It is not a procedural due process statutory civil practice rule of the Court or Administrative Tribunal that a judge or hearing Officer can grant or deny, so your Motion to Strike the Presentments being sent to you and the Agency you represent is not only inappropriately meritless but fundamentally and procedurally inapplicable.

NOTICE OF FAULT AND OPPORTUNITY TO CURE

And contrary to what you have stated in your Motion to Strike a Common Law Private Correspondence Notice between you and me in my role and Office as the Trust Protector I have absolutely no interest being a Party or joining issue with your purported presumed adverse disciplinary action against Dr. Grube. My only interest is in protecting the Trust Consortium's private intellectual property rights. With that being stated for the record of this private Administrative Trustee Presentment process I must point out the errant and malicious disparaging aspersions that you have cast against my character and intent concerning my involvement with the correspondences I have sent to you and your Agency, but more significantly, with you, Attorney Leiro, in particular, because in your dispositive Motion to Strike our first Private Administrative Trustee Presentment at line-item No. 12 you make the presumptive averment on the record of that Agency action that I "appear to be filing an answer on behalf of the Respondent" and that by submitting this Trustee Presentment filing I am "acting as Respondent's representative or Attorney."

These presumptive accusatory averments regarding my role and involvement with your Agency's disciplinary action that you make in your Motion to Strike are not only false and erroneous but libelous as well, because in the 1st Private Administrative Presentment I explicitly specified what my relationship with this adverse Agency disciplinary action was, and that was and still is the fact that I represent the Trust Consortium in accordance with FRCP Rule 17(E), which expressly provides for a Trustee of an Express Trust to have Standing to represent such Trust and sue in his or her own capacity.

I strongly suggest that you look that up, Attorney Leiro, because I hereby give you Notice that I will sue you personally in your individual capacity for making false and inflammatory accusations on the public record to bring criminal accusations against me to disgrace and defame me without good cause or verifiable proof. I never presented myself to you or your Agency as an Attorney or that I represented Dr. Grube in this Agency action, and I strongly suggest that you retract any alleged defamatory criminal assertions to that

NOTICE OF FAULT AND OPPORTUNITY TO CURE

effect on the public record of your Agency action immediately and forward to me the proof that you have done so with an apology for even suggesting such criminality against my good name and character.

My entire involvement in this purported disciplinary action is to protect the intellectual property research that belongs to the Trust Consortium and I have every right to know what jurisdictional authority you or your Agency has over the private research methodologies that Dr. Grube uses under the auspices of our Trust Consortium that is part and parcel of the intellectual property contained in our Trust Consortium's corpus for which you and your Agency have not provided an answer to my Timely Private Pure Bill of Discovery with any justifiable response to satisfy our curiosity about what authority your Agency possesses over our private intellectual research property in the time frame specified by me in the 1st Private Administrative Presentment that I sent to you, Attorney Leiro,  personally, which I have every right to request under the Sixth Amendment to the Constitution, because the Trust I represent has an equitable interest in the subject matter of your disciplinary action.

**Under the Common Law jurisprudence for which I am sending You this Private Administrative Trustee Presentment for a Pure Bill of Discovery, your instant Statutory Motion to Strike Our Trust Consortium's Lawful Request for a Pure Bill of Discovery is Moot, Impertinent and Irrelevant Because the Request we made for a Pure Bill of Discovery was and still is PRIVATE, without any Public Forum preclusive statutory restriction because it is Not Subject to Your Agency's Public Forum Jurisdiction.**

In other words, Attorney Leiro, you cannot strike something from the public record that was sent to you privately. The private Pure Bill of Discovery I sent to you by Notary Presentment is not subject to the Public Record for any dispositive Motion Public Forum adjudicative determination. That is why I am sending you this second Private Administrative Trustee Presentment for a Pure Bill of Discovery and giving you Notice of your default in failing to respond to the first presentment with an Opportunity to Cure that default because your

NOTICE OF FAULT AND OPPORTUNITY TO CURE

Motion to Strike is **NOT A RESPONSIVE ANSWER** to our first Presentment, and your failure to respond to the first presentment is an open and active default and dishonor which if you do not cure by answering this second Notice of Opportunity to Cure presentment by sending your answer to our Notary Presenter, as an operation of law, you will be equitably estopped from pursuing any attempt to acquire the private intellectual property research information you are attempting to publicly extract through an adverse disciplinary action against Dr. Grube.

Our Trust Consortium has every right to request the particulars of the substance and nature of your alleged charges against Dr. Grube's research methodologies because those methodologies are the Trust Consortium's intellectual property, and we have an equitable interest in maintaining our right to protect our trade secrets. Just to reiterate what has transpired between you, your Agency and our Trust thus far, the 1st Private Administrative Trustee Presentment preceding this one has to do with the question of jurisdiction that your Agency has in bringing the alleged disciplinary charges regarding our private research methodologies that our venerate colleague Minister Dr. Grube uses, and the jurisdiction of the purported Agency Tribunal forum that is being invoked by the you, Attorney Leiro, to present any presumed alleged charge against the research methodologies of an Indigenous Ecclesiastic Foreign Express Trust Consortium, for which you have not timely answered to justify what your presumed authority is thus far. The test of jurisdiction is whether the Court or tribunal has power to enter upon inquiry; not whether its conclusion in course of it is right or wrong. (*State vs. Phelps*, 193 P.2d 921, 67 Ariz. 215. (1948)).

The question of whether jurisdiction is being lawfully invoked is not only a matter of inquiry by our Trust organization but also an issue of Public Interest where the governmental authorities are executing their oath bound responsibilities within its charge or overextending such authority under color of law and in violation of the constitutional rights of the

NOTICE OF FAULT AND OPPORTUNITY TO CURE

people. There are clearly established precedent case laws that your Agency must not only be aware of but must recognize and respect as the law of the land.

I will briefly cite some of these laws for your convenience here:

1. "The 'Individual' (or Trust) may stand upon 'his constitutional rights' as a citizen...he is entitled to carry on his 'Private' business in his own way...The rights of the individual are restricted only to the extent that they have been voluntarily surrendered by the citizenship to the Agencies of government...his power to contract is unlimited...he owes no duty to the State or to his neighbors to divulge his business or open his doors to an investigation, so far as it may tend to incriminate him. He owes no duty to the State since he receives nothing therefrom beyond the protection of his life and property...his rights are such as existed by the law of the land long antecedent to the organization of the State and can only be taken from him by due process of law in accordance with the Constitution." (*Hale v. Henkel*, 201 U.S. 43 at 89 (1906)).

2. "Inasmuch as every government is an artificial person, an abstraction, and a creature of the mind only, a government can interface only with other artificial persons. The imaginary, having neither actuality nor substance, is foreclosed from creating and attaining parity with the tangible. The legal manifestation of this is that no government, as well as any law, Agency, aspect, Court, etc., can concern itself with anything other than corporate, artificial persons and the contracts between them." (Sup. Ct. R., 3 U.S. 54; 1 L. Ed. 57; 3 Dall. 54 [1975]).

Since [public officials] are required to swear an oath to uphold the Constitution (as per Article VI, Clause 3), for these same officials to ignore the Court's precedents is equal to a violation of that oath. Even

NOTICE OF FAULT AND OPPORTUNITY TO CURE

though education is the responsibility of the [state government], that responsibility must be carried out in a manner consistent with the requirements of the Constitution, particularly the Fourteenth Amendment.

The government Agents named as addressees in this Pure Bill of Discovery are Respondents to this Presentment who are Public Officers that have taken an oath to uphold the law and are beholden to the American people, private State citizens and by Treaty for indigenous Tribal members, and we all have a reasonable expectation that those government Agents and Public Officer Respondents will honor the law and their oath accordingly.

## OPPORTUNITY TO CURE

` A. If in the event that you or your Agency failed to take the opportunity to answer the 1st Private Timely Demand for Bill of Discovery as an oversight, mistake or was otherwise unintentional, **Affiant Trust Protector, hereby grants the government Agent/Public Official Respondents five (5) days more, exclusive of the day of receipt of this Presentment, to cure the default and effect the remedy by answering accordingly.**

B. Failure to cure the default of non-response upon the receipt of this Presentment according to the time frame specified herein with a three (3) day mailing grace period, will constitute, as an operation of law, tacit procuration of acquiescence to this Affidavit of your obligation to respond to the lawfully requested private Pure Bill of Discovery in order to justify your Agency's jurisdictional authority to invoke a public forum's jurisdiction to elicit an obligation of commercial liability of our constituent Minister compelling her to expose protected private intellectual property research information, that for all intents and purposes, absent the establishment of your jurisdictional authority, is determinedly outside the jurisdiction of your Agency; and your failure to respond and provide such

NOTICE OF FAULT AND OPPORTUNITY TO CURE

jurisdictional authority to the satisfaction of the letter of the law and our Trust Consortium's lawful inquiries will be the FINAL admission by you and your Agency that you have no jurisdictional authority over our private research intellectual property and methodologies, and your purported Agency disciplinary action to have our constituent colleague, Dr. Blanche Durand Grube, will be equitably estopped as a matter of law and the whole matter shall be deemed *res judicata* and *stare decisis.*

C. Also, in the event that I do not receive notification from you in writing personally of the retraction of your alleged assertions that I am practicing law without a license on the public record of your Agency action with proof that you have done so with an apology sent to me signed by your own hand for even suggesting such criminality against my character within a reasonable time after the time frame specified for this opportunity to cure, I will be promptly filing a civil lawsuit for libel and defamation of character against you personally, Attorney Gregory S. Leiro, Esq., in your individual capacity.

Verily, I Am

Reverend Juan Jose' Brookins
*In Propria Persona, Sui Juris*
Trust Protector
Ministerial Indigenous Nations Trust (M.I.N.T.)

NOTARY ACKNOWLEDGEMENT

On the 6th day of March, 2023, before me, personally appeared Reverend Brookins, Juan Jose' on behalf of Ministerial Indigenous Nation Trust (M.I.N.T.), being known to me (or proved to me on the basis of satisfactory evidence of identification), a living man on the land and Living Soul whose name is subscribed upon this instrument. I certify under PENALTY OF PERJURY under the laws of New York State that the foregoing paragraph is true and correct.

NOTICE OF FAULT AND OPPORTUNITY TO CURE

Witness my hand official seal.

Notary: _____

Print: _____

My Commission Expires: _____

JAIR E. CORREA
NOTARY PUBLIC, STATE OF NEW YORK
NO. 04C06446153
QUALIFIED IN WESTCHESTER COUNTY
MY COMMISSION EXPIRES JAN 17, 2027

---

### NOTICE

Using a Notary on this document does not constitute any adhesion, nor does it in any manner alter any legal or political status of any of the parties hereto. The purpose of a Notary is for verification and identification purposes only and not for entrance into any foreign jurisdiction. A Notary Public or other Public Officer completing this Certificate verifies only the identity of the individual who signed the document, to which this Certificate is attached, and not the truthfulness, accuracy, or validity of that document.

NOTICE OF FAULT AND OPPORTUNITY TO CURE

# AFFIDAVIT OF NOTARY PRESENTMENT

On March 6, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below.  I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Commonwealth of Pennsylvania Department of State**
**P.O. Box 69521**
**Harrisburg, PA 17106-9521**
**Attn: Gregory S Leiro, Prosecuting Attorney**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Notice Of Fault and Opportunity to Cure (11 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.: ____7014 0510 0002 2410 1488____ Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

**IN WITNESS** hereof I hereunto set my hand and official seal

By: *K. Montaque*
Karrine Montaque, Notary Public

Commission Expiration: *05/21/2023*

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
*05/21/2023*

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

# <u>AFFIDAVIT OF NOTARY PRESENTMENT</u>

On March 6, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below. I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Prothonotary**
**P.O. Box 2649**
**2601 N. Third Street**
**Harrisburg, PA 17105-2649**
**Attn: Linda L. Dodson**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Notice Of Fault and Opportunity to Cure (11 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.: ____7014 0510 0002 2410 1495____Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

IN WITNESS hereof I hereunto set my hand and official seal

By: _R Montaqe_
Karrine Montaque, Notary Public

Commission Expiration: __05/21/2023__

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
05/21/2023

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

# <u>AFFIDAVIT OF NOTARY PRESENTMENT</u>

On March 6, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below.  I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Pennsylvania State Board of Dentistry**
**P.O. Box 2649**
**Harrisburg, PA 17105-2649**
**Attn: Shawn Casey, D.M.D/ Chairperson**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1.  Notice Of Fault and Opportunity to Cure (11 leaves).
2.  Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.:  ____7014 0510 0002 2410 1518____  Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

IN WITNESS hereof I hereunto set my hand and official seal

By: *K. Montaque*
_____
Karrine Montaque, Notary Public

Commission Expiration: __05/21/2023__

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
__05/21/2023__

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

# <u>AFFIDAVIT OF NOTARY PRESENTMENT</u>

On March 6, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below. I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**302 North Office, Bldg. 401**
**North Street**
**Harrisburg, PA 17120**
**Attn: Al Schmidt, Acting Secretary Of State**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Notice Of Fault and Opportunity to Cure (11 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.:  ____7014 0510 0002 2410 1501____  Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

IN WITNESS hereof I hereunto set my hand and official seal

By: _K Montaque_

Karrine Montaque, Notary Public

Commission Expiration: 05/21/2023

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
05/21/2023

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only, No Insurance Coverage Provided

Harrisburg, PA 17106

| Postage | $A.15 | $3.35 | 0214 |
| Certified Fee | | $0.00 | 24 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| | | $1.74 | |
| Total Postage & Fees | $ | $9.24 | 03/06/2023 |

7014 0510 0002 2410 1488

Sent To
Gregory S. Liero, Esq.
P.O. Box 6952!
Harrisburg, PA 17106-9521

PS Form 3800, August 2006                Saa Royarse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregory S. Liero, Esq.
P.O. Box 6952!
Harrisburg, PA 17106-9521

9590 9402 7479 2055 1821 61

2. Article Number (Transfer from service label)
7014 0510 0002 2410 1488

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Nick___            □ Agent
                      □ Addressee

B. Received by (Printed Name)     C. Date of Delivery
Nick                             □ Yes 2023

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

NoEOC

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)
□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

Harrisburg, PA 17105

| | |
|---|---|
| Postage | $3.35 |
| Certified Fee | $0.00 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ |

0214
24

03/06/2023

Shawn Casey, Chairperson
P.O. Box 2649
Harrisburg, PA 17105-2649

7014 0510 0002 2410 1518

PS Form 3800, April 2015

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shawn Casey, D.M.D.
Chairperson
Pennsylvania Board of Dentistry
P.O. Box 2649
Harrisburg, PA 17105-2649

9590 9402 7479 2055 1821 30

2. Article Number (Transfer from service label)

7014 0510 0002 2410 1518

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  K. Naik               □ Agent
                         □ Addressee

B. Received by (Printed Name)     C. Date of Delivery
K. Naik                           MAR 1 0 2023

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)

□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
Domestic Mail Only; No Insurance Coverage Provided

Harrisburg, PA 17120

| | 0214 |
| Postage | $3.35 | 24 |
| Certified Fee | $0.00 | |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $1.74 | 03/06/2023 |

**Al Schmidt, Acting Secy. of State**
302 North Office Bldg. 401
North Street, Harrisburg, PA 17120

7014 0510 0002 2410 1501

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Al Schmidt,
Acting Secy. of State
302 North Office Bldg. 401
North Street
Harrisburg, PA 17120

9590 9402 7479 2055 1821 47

2. Article Number (Transfer from service label)
7014 0510 0002 2410 1501

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

NOFDC

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Linda L. Dodson
P.O. Box 2649
2601 North Third Street
Harrisburg, PA 17120

9590 9402 7479 2055 1821 54

2. Article Number (Transfer from service label)

7014 0510 0002 2410 1495

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  | C. Date of Delivery  3/6/22

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

NoFoc

3. Service Type
☐ Priority Mail Express®
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

Harrisburg, PA 17120

| | | |
|---|---|---|
| Postage | $4.15 | 0214 |
| Certified Fee | $3.35 | 24 |
| Return Receipt Fee (Endorsement Required) | $0.00 | Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| | $1.74 | |
| Total Postage & Fees | $9.74 | 03/06/2023 |

Sent To  Linda L. Dodson
Street, Apt. No.; or PO Box No.  P.O. Box 2649 2601 No. Third Street
City, State, ZIP+4  Harrisburg, PA 17120

7014 0510 0002 2410 1495

# EXHIBIT D



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)
c/o 46 Gramatan Avenue, #19
Mount Vernon, New York State [10550] Non-Domestic
(203) 449-9391 / (203) 727-5758
jawambi@yahoo.com

March 20, 2023

## PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT AND CERTIFICATE OF CLAIM

### TRUST PROTECTOR PRESENTMENT

A SECURITY – 15 U.S.C.
U.S. S.E.C. TRACER FLAG
COMMERCIAL AFFIDAVIT OF OBLIGATION
NOT A POINT OF LAW

NOTICE TO AGENT IS NOTICE TO PRINCIPAL
NOTICE TO PRINCIPAL IS NOTICE TO AGENT
AND THEIR SUCCESSORS AND ASSIGNS
WITHOUT RECOURSE

**BE IT HERETOFORE, HERE NOW AND HEREAFTER KNOWN** that the Affiant to this Private Administrative Default Judgment and Certificate of Claim Presentment, Reverend Juan-Jose`: Brookins, (hereinafter, "Trust Protector"/"Witness"/Attorney-in-Fact), is a duly empowered Presenter, Acceptor, and Custodian of Records for this COMMERCIAL AFFIDAVIT of Default Judgment and Certificate of Claim Obligation being made upon the Respondents of the two (2) previous Presentments that were duly sent via Notary Presenter to Gregory S. Leiro, Esq., Shawn Casey, D.M.D., Al Schmidt and Linda L. Dodson by Certified United States Post Office Mail for which none of said Addressee/Respondents have answered in the time frame specified by said Administrative Trustee Presentments at the request of the Board of Trustees for the Ministerial Indigenous Nations Trust (hereinafter, "M.I.N.T."), that is part and parcel of a Consortium of Indigenous Ecclesiastic Common Law Private Foreign Express Trusts for which all responses to the previous Trustee Presentments were to be answered and addressed to the Notary Presenter Witness thusly:

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose`: Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

Reverend Juan-Jose`: Brookins
Trust Protector
c/o Karrine: Montaque, Notary Public
P.O. Box 1387
Valley Stream, New York near [11582]
(Non-Domestic/Without United States)

And since the above named Addressee/Respondent(s) of said prior Private Administrative Trustee Presentments failed to timely respond in accordance with a lawful private administrative process for a Bill of Discovery under Common Law, I, Reverend Juan-Jose`: Brookins, the undersigned Trust Protector, do here now and hereafter verify and affirm under penalty of perjury of the laws of the Organic *de jure* United States of America, that I have personal firsthand knowledge of the particulars concerning this 15 U.S. S.E.C. Security Commercial Affidavit of Default Judgment and Claim of Obligation on behalf of M.I.N.T., who is the Real Party-in-Interest Claimant for a Bill of Discovery in this matter against the Addressee/Respondents named herein, and the true and correct Party-in-Interest because our Trust is the owner of the private intellectual property that Dr. Blanche Grube is researching.

Addressee/Respondent's Agency inquest of that private intellectual property research that Dr. Grube is administering has not been justifiably qualified as being within the jurisdiction of the Pennsylvania State Board of Dentistry for the failure of said Agency Representatives to answer the two (2) prior requests for a Bill of Discovery that was duly sent to the Addressee/Respondents, and therefore, such failure to respond acts as an admission under the equitable Doctrine of Tacit Acquiescence because of your failure to answer the two previous Trustee Presentments. Now, as a result of your failure to answer the lawful Pure Bill of Discovery regarding the private intellectual property research which is the subject matter of your adverse Agency action is admittedly not within the jurisdiction and authority of said Addressee/Respondent's Agency and the commercial statutory charges alleged against the private Indigenous Ecclesiastic Trust's research Administrator, Dr. Grube, are equitably estopped pursuant to the Doctrine of Acquiescence. Your silence is acceptance and admittance that

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

your Agency does not have jurisdiction to pursue any inquest concerning our private intellectual property research.

Pursuant to Federal Rules of Civil Procedure (F.R.C.P.) Rule 17(E), Reverend Juan-Jose`: Brookins, has authority to act in his own personal capacity as the Trust Protector for M.I.N.T., as an Indigenous Ecclesiastic Foreign Express Trust. Therefore, as a matter of law, Reverend Brookins is lawfully authorized to request the details of the subject matter of the government Agency's commercial claim being made against Dr. Grube, who is a research Administrator of our Trust Consortium whose members are part and parcel of a private Indigenous Ecclesiastic Foreign Express Trust that the said Addressee/Respondent(s) were given Notice of our right to protect the intellectual property we are engaged in researching through the Private Administrative Trustee Presentments sent to the Addressee/Respondent(s) over a period of several weeks' time which they did not answer prior to the issuance of this Private Administrative Default Judgment and Certificate of Claim.

Again, as an operation of Common Law through the tacit acquiescence of the Addressee/Respondent(s) failure to answer the two (2) previous lawful private request for a Bill of Particulars, Affiant Trust Protector, Reverend Juan-Jose`: Brookins,  now also has the authority to issue this Private Administrative Default Judgment and Certificate of Claim on behalf of M.I.N.T. and by virtue of the constitutional civil rights the Trust Consortium enjoys, which some those rights include, but is not limited to, immunity from any alleged commercial statutory adverse action from any incorporated State Agency.

The Trust Consortium has also been duly contracted with Power of Attorney for Dr. Grube, to assist her with her defense against the State Agency's commercial charges in a Public Forum.  It is the Board of Trustees opinion and belief that the charges alleged upon our beloved research Administrator does not apply to the Common Law jurisdictional research activity she engages in the research of a private Indigenous Native American Tribe and Ecclesiastic Foreign Express Trust.

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

The first Private Administrative Trustee Presentment for Bill of Particulars was sent out on January 30, 2023 and the second one was sent out on March 6, 2023. (See Attached Copy off Certified Return Receipt mailings included herein). After not receiving any response to the prior Trustee Presentments, and the failure to cure the duly noticed default of those Presentments to the Respondents and your Agency, respectively, the issuance of this Default Judgment and Certificate of Claim is ripe for public filing in the State and County Records and publication in the newspaper as a Legal Notice that your Agency has failed to substantiate your right to elicit any charges or claim against our private intellectual property research methodologies that our Trust Consortium engages in accordance with the Common Law which is the only law that is applicable to the jurisdiction of our research.

Consequently, the Respondent's failure, and each of them, to honor the prior Private Administrative Trustee Presentments for a Bill of Particulars and Notice of Default with an Opportunity to Cure in a timely manner have resulted in your Agency's open and active default, and as an operation of law, the issuance of this instant lawful Presentment of a Private Administrative Default Judgment and Certificate of Claim of Commercial Obligation by Affidavit of Trust Protector, Reverend Juan-Jose`: Brookins, constitutes your Agency and the Respondent's herein consent to Judgment of Default by tacit acquiescence and this matter is eligible to be deemed as an efficacious application of the Administrative Process that is suitable to invoke the doctrines of *Res Judicata* and *Stare Decisis* against your Agency's unsubstantiated charges in a Court of competent jurisdiction.

**PLEASE TAKE NOTICE THAT this is a Final Expression in a record of a Private Administrative Process Proceeding. Take due Notice and heed and govern yourself accordingly that this Presentment is intended as a complete and exclusive statement of the terms and conditions of the operations of law governing a PRIVATE SETTLEMENT of the alleged charges/claim implemented by the Claimant under ALL APPLICABLE LAW concerning the Private Bill of Particulars duly served upon the Respondents by the Trustee Protector Claimant between the parties named herein.**

4 | P a g e

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

PLEASE TAKE FURTHER NOTICE THAT certification of this Private Administrative Default Judgment and Certificate of Claim of Commercial Obligation by Affidavit of the Trust Protector is hereby made with explicit reservation of all rights, remedies and immunities, without prejudice and without recourse per U.C.C. §1-308, and the Bill of Rights as prescribed in the Constitution for these United States of America.

WHEREAS, Reverend Juan-Jose`: Brookins, the undersigned Trust Protector for the Consortium of Trusts being unduly interfered with, formally serves this Presentment for a Private Administrative Default Judgment and Certificate of Claim of Commercial Obligation upon the Addressee/Respondent(s), and each of them, for the reasons expressly specified herein concerning the default and dishonor by non-response/non-performance of the terms and conditions of the duly served private Bill of Discovery sent to the Addressee/Respondents by the Trust Protector for the proof of jurisdiction of their charges involving our private intellectual property research and methodology.

WHEREAS, for all the good and sufficient reasons explicitly specified herein, Reverend Juan-Jose`: Brookins, does solemnly confirm the fact that Addressee/Respondent's default and dishonor to respond, and/or justify the jurisdiction of their charges/claim is now ripe for equitable estoppel as an operation of law against all non-responding/non-performing parties from the duly served application of a Private Administrative Process Proceeding that has been implemented and is now complete and qualifies as an indisputable record of Default Judgment against the Respondents Agency, the Respondents in particular named herein, and each of them, for purposes of our Trust's remedy and relief from all unsubstantiated charges/claims made upon the Trust Consortium and Tribal government's research.

WHEREAS, Reverend Juan-Jose`: Brookins, duly presented to the Addressee/Respondent(s), and each of them, this Private Administrative Default Judgment and Certificate of Claim of Commercial Obligation via United States Post Office Certified Mail No. 7014 0510 0002 2410 1532 on March 20, 2023 to confirm the fact that their Non-Response instituted this Default Judgment and Certificate of Claim and that the postmark of the

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM

Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

service of process of this mailing constitutes their acknowledgment and acceptance of the facts set forth within all the prior Private Administrative Process Presentments from the time having elapsed for their failure to respond thereto.

## DEFAULT JUDGMENT CERTIFICATE OF CLAIM

**WHEREAS**, the Trust Protecter/Witness/Attorney-in-Fact signing below, for the reason of the Respondent's default/dishonor of the Trust Consortium's Private Administrative Bill of Discovery for Settlement of their Charges/Claim against our private intellectual property methodology by non-response and non-performance of said Addressee/Respondent(s) responsibility to answer the lawful requests of the Trust Consortium herein, does hereby publicly and solemnly certify the fact that said Addressee/Respondent(s) have defaulted and dishonored their responsibility and duty under their constitutional oath to respond to the two (2) lawful Private Administrative Trustee Presentments and are therefore equitably estopped from their presumed authority to impose jurisdiction over the civil liberties and unalienable rights of our Trust Consortium's research.

The entire record of the above statement of facts and evidence attached hereto is included in this Default Judgment Certificate of Claim as and will be certified to be used for submission of evidence against your Agency and the Addressee/Respondent(s) named herein for purposes of establishing *prima facie* evidence against any unsubstantiated charges/claim proposed by your Agency in any Court of competent jurisdiction and the Addressee/Respondent(s) named herein will be identified as purveyors of fraud upon the Court in any adverse proceeding against our Trust Consortiums research.

## WITNESS

**IN TESTIMONIAL ATTESTATION HEREOF**, I, Reverend Juan-Jose`: Brookins, Trust Protector and Witness, under my unlimited liability and Commercial Oath, proceeding in good faith, being of sound mind, having firsthand personal knowledge of the facts, law and documents duly served upon the Respondents named herein, hereby affirm, state and declare that

6 | P a g e

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

the facts and statements made by me herein are true, correct, completed and not misleading, I hereby make this affirmation under penalty of perjury of the Organic Laws of the *de jure* United States of America, so help me God.

## JURAT

------------------------------------
New York State                                    }
                                                  }Scilicet:
Queens County_____              }

                                         Verily, I Am

                          By: *[signature]*
                              Reverend Juan-Jose': Brookins
                              *Authorized Representative*

On 21ˢᵗ , March ___, 2023, before me, ___KENNETH  J.  RUDDICK___
                                              Notary Public

personally appeared **Reverend Juan-Jose': Brookins**, who proved to me on the basis of satisfactory evidence a man whose name(s) are subscribed to the within instrument and acknowledged to me that he/they executed the same in his/their authorized capacity(ies), and that by his/their autograph(s) affixed on the instrument the man and woman or person(s) known to me did appear in true character or the entity upon behalf of which the man or woman or person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*[signature]*
Notary Signature

___KENNETH  J.  RUDDICK___
Notary Printed Name
My Commission Expires___ 1/18/27 ___

KENNETH J. RUDDICK
Notary Public, State of New York
Reg. No. 01RU6234370
Qualified in Suffolk County
Commission Expires January 18, 20 27

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM



Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)
**THIS CONSTITUTES FULL DISCLOSURE**

***NOTICE**: Notary Public is **not** an attorney licensed to practice law and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above referenced documents and has **no interest** in any issue referenced therein. Notary is not a party to this action and is only acting in an authorized capacity as liaison to communications between the parties. Using a notary on this document does not constitute any adhesion, nor does it alter my status in any manner. The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.*

**NOTICE:**

The foundation of law, commerce, and the whole legal system consists of "telling the truth, the whole truth and nothing but the truth," either by testimony, deposition, and/or by Affidavit. One sworn to tell the truth is compelled by high principles to protect truth and do nothing to tamper with that truth, either directly or indirectly, either in person or by proxy, or by subornation of an affiant or other person. Any judge or officer or government employee or otherwise who tampers with testimony, deposition, or affidavit is a threat to the Commercial Peace and Dignity of the County, State, and United States of America, and acting in the nature of a foreign enemy agent, committing a Mixed War! **WHOSOEVER** acts against Commercial Affidavits without executing the necessary Commercial Paperwork under affidavit is subject to being charged criminally for fraud. Commercial processes are fundamentally ***non-judicial and pre-judicial.*** No judge, Court, law, or government can invalidate the Commercial Process, *i.e.*, a Private Security Agreement, True Bill, or Lien based upon an Affidavit, because no Third-Party can invalidate an Affidavit of TRUTH. Any action against Tort Claim/Lien/Affidavit process creates MIXED WAR. No one can rebut an affidavit except the proper party (lien debtor) who alone must rebut by affidavit within the established time limits. (Violations of Oaths of Office and constitutions, laws, codes, statutes, *etc.*, equals Mixed War by them; 'foreign agents' in any office, at any level of government. **THEREFORE,** when a Tort Claim/Lien/Affidavit is so flagged in Commerce, it becomes a Federal Document because it can be translated into a Security (by being attached in support to a Commercial Lien UCC-1… filed under necessity). NOTICE: NON-ACCEPTANCE and/or NON-FILING of a Commercial Lien/Affidavit is a Federal Offense.

**LEGAL AUTHORITY:**

Hebrew/Jewish commercial code-corollary, this Hebrew/Jewish commercial process is to Exodus 20:16. This Hebrew/Jewish commercial process is the best-known commercial process in America. The biggest user is the Internal Revenue Service. The Internal Revenue Service uses all three tracking codes. The federal tracking code is the tax-payer's IRS document file number. The next stronger code is the State Recorder's number. The strongest most important and most universal code is the tax-payer's identification number (TIN), also known as the Social Security Number (SSN). The IRS collection process is legitimate however, the IRS assessment/lien process is a commercial fraud because it is not supported by Commercial Affidavits (of Truth) of obligation/commercial liens. The IRS issues only <u>Notices</u> of liens, but has those Notices fraudulently recorded on a "Tax Lien index" at the County Recorder's Office. Notices are not required to contain Commercial Affidavits, but a lawful Lien must contain a Commercial Affidavit with an itemized obligation/damages ledger.

**8 |** P a g e

**PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM**

Reverend-Juan Jose': Brookins
Trust Protector
Ministerial Indigenous Nation Trust (M.I.N.T.)

# ATTACHMENTS

### (Copies of Certified Return Receipts)

**9 |** P a g e

PRIVATE ADMINISTRATIVE DEFAULT JUDGMENT
AND CERTIFICATE OF CLAIM

# AFFIDAVIT OF NOTARY PRESENTMENT

On March 23, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below.  I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Pennsylvania State Board of Dentistry**
**P.O. Box 2649**
**Harrisburg, PA ~~17105~~-2649**  ~~17110~~
**Attn: Shawn Casey, D.M.D/ Chairperson**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Private Administrative Default Judgment and Certificate of Claim (10 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.:  _____7014 0510 0002 2410 1549_____  Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

**IN WITNESS** hereof I hereunto set my hand and official seal

By: _K. Montaque_
Karrine Montaque, Notary Public

Commission Expiration: _05/21/2023_

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
05/21/2023

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

**SENDER: COMPLETE THIS SECTION**

- ☒ Complete items 1, 2, and 3.
- ☒ Print your name and address on the reverse so that we can return the card to you.
- ☒ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Shawn Casey, D.M.D.
P.O. Box 2649
Harrisonburg, PA 17105-2649

9590 9402 7262 1204 5391 06

2. Article Number (Transfer from service label)
7014 0510 0002 2410 1549

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  K. Nak

B. Received by (Printed Name)     C. Date of Delivery
K. Nak          MAR 27 2023

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☒ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

Harrisburg, PA 17105

| | |
|---|---|
| Postage | $ |
| Certified Fee | $7.25 |
| Return Receipt Fee (Endorsement Required) | $0.00 |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $ |

Postmark Here

7014 0510 0002 2410 1549

Shawn Casey, D.M.D.
P.O. Box 2649
Harrisonburg, PA 17105-2649

PS Form 3800, August 2018

# AFFIDAVIT OF NOTARY PRESENTMENT

On March 23, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below.  I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Commonwealth of Pennsylvania Department of State**
**P.O. Box 69521**
**Harrisburg, PA 17106-9521**
**Attn: Gregory S Leiro, Prosecuting Attorney**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1.  Private Administrative Default Judgment and Certificate of Claim (11 leaves).
2.  Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.:  ___7014 0510 0002 2410 1532___ Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

**IN WITNESS** hereof I hereunto set my hand and official seal

By: _K. Montaque_____

Karrine Montaque, Notary Public

Commission Expiration: _05/21/2023_____

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
_____

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gregory S. Leiro, Esq.
P.O. Box 69521
Harrisburg, PA 17106-9521

9590 9402 7479 2055 1821 16

2. Article Number (Transfer from service label)
7014 0510 0002 2410 1532

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _K. Nail_   □ Agent  □ Addressee

B. Received by (Printed Name)   C. Date of Delivery
MAR 27 2023

D. Is delivery address different from item 1?  □ Yes
If YES, enter delivery address below:  □ No

Prisoner

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
☒ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery (over $500)
□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

7014 0510 0002 2410 1532

Harrisburg, PA 17106

Postage  $3.75
Certified Fee  $4.35
Return Receipt Fee
(Endorsement Required)  $0.00
Restricted Delivery Fee
(Endorsement Required)  $0.00
Total Postage & Fees  $

Sent To
Gregory S. Leiro, Esq.
P.O. Box 69521
Harrisburg, PA 17106-9521

# AFFIDAVIT OF NOTARY PRESENTMENT

On March 23, 2023, **Reverend Juan-Jose': Brookins** appeared before me with the following documents listed below. I, Karrine Montaque, Notary Public, personally verified that these documents were placed in an envelope and sealed by me.

It is hereby certified that on the date noted above that the undersigned Notary Public Mailed to:

**Prothonotary**
**P.O. Box 2649**
**2601 N. Third Street**
**Harrisburg, PA 17105-2649**
**Attn: Linda L. Dodson**

Hereinafter, "Recipients", the documents and sundry papers pertaining to Charging Document Nos. 18-46-02952 & 18-46-012074 as follows:

1. Private Administrative Default Judgment and Certificate of Claim (10 leaves).
2. Affidavit of Notary Presentment (sign original on file) (1 leaf).

By certified mail no.: _____7014 0510 0002 2410 1563_____ Return Receipt attached by placing the same in postpaid envelope, properly addressed to Recipient at the said address and depositing the same at an official depository under the exclusive face and custody of the U.S. Postal Service within the State of New York .

**IN WITNESS** hereof I hereunto set my hand and official seal

By: _K. Montaque_
_____
Karrine Montaque, Notary Public

Commission Expiration: ____05/21/2023____

KARRINE MONTAQUE
NOTARY PUBLIC - STATE OF NEW YORK
No. 01M06166178
QUALIFIED IN NASSAU COUNTY
MY COMMISSION EXPIRES
05/21/2023

**Note:** Notary Public KARRINE MONTAQUE is not an attorney license to practice law in the State of New York and has not given legal advice or accepted fees for legal advice; provided no assistance in the preparation of the above reference documents and has no interest in any issue reference therein. KARRINE MONTAQUE is not a party to this action and is ONLY acting in an authorized capacity as liaison to communications between parties.

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Harrisburg, PA 17120

Postage $7.35

Certified Fee $0.00

Return Receipt Fee
(Endorsement Required) $0.00

Restricted Delivery Fee
(Endorsement Required) $0.00

Total Postage & Fees $1.80

7014 0510 0002 2410 1563

Sent To: Linda L. Dodson/P.O. Box 2649
2601 North Third Street
Harrisonburg, PA 17120

PS Form 3800, April 2015

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Linda L. Dodson
Prothonotary
P.O. Box 2649
2601 North Third Street
Harrisonburg, PA 17120

9590 9402 7262 1284 5391 20

2. Article Number (Transfer from service label)

7014 0510 0002 2410 1563

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    □ Agent
                                     □ Addressee

B. Received by (Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?  □ Yes
   If YES, enter delivery address below:        □ No

3. Service Type
□ Adult Signature
□ Adult Signature Restricted Delivery
□ Certified Mail®
□ Certified Mail Restricted Delivery
□ Collect on Delivery
□ Collect on Delivery Restricted Delivery
□ Insured Mail
□ Insured Mail Restricted Delivery
  (over $500)
□ Priority Mail Express®
□ Registered Mail™
□ Registered Mail Restricted Delivery
□ Signature Confirmation™
□ Signature Confirmation Restricted Delivery

Domestic Return Receipt

District Court for the United States of America
In the District for Pennsylvania State at Philadelphia

Reverend Juan-Jose`: Brookins,
*Trust Protector for the Ministerial Indigenous*
*Nations Trust (M.I.N.T.), Standing In Propria*
*Persona, Sui Juris Pursuant to FRCP RULE*
*17(E),*

                    Plaintiff,

          -against-

GREGORY S. LIERO, ESQ., Prosecuting
Attorney for the Commonwealth of
Pennsylvania Department of State in his
personal, individual capacity,

                    Defendant.

Civil Case No._____(____)

**AFFIDAVIT**
**of Plaintiff**
**Reverend Juan-Jose`: Brookins**
**IN SUPPORT OF**
**CIVIL COMPLAINT**
**FOR LIBEL, SLANDER AND**
**DEFAMATION OF CHARACTER**

          June 23, 2023

          Jury Trial Demanded

## VERIFICATION

New York State                    }
                                  }scilicet:
Westchester County                }

I, Reverend Juan-Jose`: Brookins, hereby verify the foregoing and following statements under penalty of perjury of the Organic Laws for these United States of America:

I, Reverend Juan-Jose`: Brookins, affirm and declare that I have personal firsthand knowledge of the statements made by me in the foregoing Civil Complaint for Defamation of Character are true, correct and complete to the best of my knowledge and belief, and as to those statements for which I have no personal knowledge, I believe them to be true, so help me God.

Date: June 23, 2023.

                              Verily, I Am

                              *Rev. Juan-Jose`: Brookins*
                              Reverend Juan-Jose`: Brookins

Affirmed and Ascribed Before Me This
23ᴿᴰ Day of June 2023.

_____
          Notary
My Commission Expires ___1/18/27___

KENNETH J. RUDDICK
Notary Public, State of New York
Reg. No. 01RU6234370
Qualified in Suffolk County
Commission Expires January 18, 20 27

20