IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND JUAN-JOSE BROOKINS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2418 |
| | : | |
| GREGORY S. LIERO, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

AND NOW, this         day of                     , 2024, upon consideration of Defendant Gregory Liero's Motion to Dismiss Plaintiff's Complaint, it is hereby ORDERED that the Motion is GRANTED. The Complaint is hereby DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
Judge John Milton Younge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND JUAN-JOSE BROOKINS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2418 |
| | : | |
| GREGORY S. LIERO, | : | |
| | : | |
| Defendant. | : | |

## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Gregory Liero, pursuant to Fed.R.Civ.P. 12(b)(6), hereby requests that the Complaint be dismissed for the reasons described in the attached Memorandum of Law.

Wherefore, Defendant Gregory Liero requests that the Complaint be dismissed.

MICHELLE A. HENRY
Attorney General

By:   /s/ Jeffrey Mozdziock

JEFFREY MOZDZIOCK
Deputy Attorney General
Attorney I.D. No. 320543

Office of Attorney General
The Phoenix
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404
Fax:    (717) 772-4526

Nicole R. DiTomo
Chief Deputy Attorney General
Civil Litigation Section

Date:  April 10, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| REVEREND JUAN-JOSE BROOKINS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | No. 23-2418 |
| | : | |
| GREGORY S. LIERO, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

**I.     INTRODUCTION**

Plaintiff Juan Jose Brookins brings this diversity action against Gregory Liero, an attorney with the Commonwealth of Pennsylvania Department of State. In his Complaint, which is riddled rhetoric of the sovereign citizen movement, Plaintiff alleges that Liero committed the torts of libel, slander, and defamation against Plaintiff. As a Commonwealth employee, Liero is entitled to sovereign immunity from these claims, and the Complaint should be dismissed with prejudice.

**II.    ARGUMENT**

**A.     Standard on a Motion to Dismiss**

**Rule 12(b)(6), Failure to State a Claim**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). See also Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir.2009). The Supreme Court in Iqbal

clarified that the decision in Twombly "expounded the pleading standard for 'all civil actions.'" Iqbal, 556 U.S. at 684. The Court explained that although a court must accept as true all the well-pleaded factual allegations, that requirement does not apply to legal conclusions; the pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 684; Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir.2010). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).

**B.     Summary of Alleged Facts**

Plaintiff inserted himself in the State Board of Dentistry's disciplinary action against Dr. Blanche Durand Grube, D.M.D. See generally, Complaint, Preliminary Statement; ¶¶ 1-3 (ECF No. 1). During the proceeding, Liero filed a Motion to Strike Plaintiff's Private Administrative Trustee Presentment. Id. In that filing, Liero asserted that Plaintiff was "acting as an Attorney for Dr. Grube and he is not an Attorney, and that the unlicensed practice of law is a criminal offense in Pennsylvania. Id., Preliminary Statement. Plaintiff alleges that Liero formally accused Plaintiff of the criminal act of practicing law without a license to the Pennsylvania Office of Attorney General. Id., ¶ 29.

**C.     Defendant Is Entitled to Sovereign Immunity**

Plaintiff alleges that Liero committed the torts of libel, slander, and defamation. Because these are intentional torts and because the Commonwealth has not waived its immunity for these claims, the Complaint should be dismissed.

. "The Commonwealth, and its officials and employees acting within the scope of their duties" enjoy sovereign immunity except as specifically waived by the General Assembly. 1 Pa. C.S. § 2310.  That waiver provides:

> The General Assembly . . . does hereby waive, *in the instances set forth in subsection (b) only*, and only to the extent set forth in this subchapter . . . sovereign immunity as a bar to an action against Commonwealth parties, for damages arising out of a *negligent* act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not having available the defense of sovereign immunity.

42 Pa. C.S. § 8522(a) (emphasis added). Thus, claims against Commonwealth parties are barred unless the claimant's cause of action is one for negligence that falls within one of the enumerated exceptions to sovereign immunity set out in the Judicial Code, at 42 Pa. C.S. § 8522(b). The ten exceptions are: (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids or vaccines; and, (10) sexual abuse "if the injuries to the plaintiff were caused by actions or omissions of the Commonwealth party which constitute negligence." 42 Pa. C.S. § 8522(b)(1)-(10). "[D]efamation is an intentional tort, and [Commonwealth employees], acting within the scope of the duties, are protected by sovereign immunity from the imposition of liability for intentional torts." Wilson v. Marrow, 917 A.2d 357, 364–65 (Pa. Commw. Ct. 2007).

Here, Liero was participating in a disciplinary action against a dentist as an employee of the Department of State. As such, he was acting within the course and scope of his employment. He, therefore, enjoys sovereign immunity from these claims.

### III.  CONCLUSION

For the foregoing reasons, Defendant Gregory Liero requests that the Complaint be dismissed with prejudice.

                                        MICHELLE A. HENRY
                                        Attorney General

                      By:     /s/ Jeffrey Mozdziock

                           JEFFREY MOZDZIOCK
Office of Attorney General         Deputy Attorney General
The Phoenix                            Attorney I.D. No. 320543
1600 Arch Street
Philadelphia, PA 19103
Phone: (215) 560-2404             Nicole R. DiTomo
Fax:    (717) 772-4526             Chief Deputy Attorney General
                                            Civil Litigation Section

Date:  April 10, 2024

## **CERTIFICATE OF SERVICE**

      I, Jeffrey Mozdziock, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on April 10, 2024, I caused to be served a true and correct copy of the foregoing document titled Motion to Dismiss to the following:

VIA U.S. MAIL

Juan-Jose' : Brookins
46 Gramatan Avenue #19
Mount Vernon, NY  10550
Pro Se Plaintiff

                                            By:     /s/ Jeffrey Mozdziock

                                                     JEFFREY MOZDZIOCK