IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REVEREND JUAN-JOSE': BROOKINS,** | : : : | **CIVIL ACTION** |
| Plaintiff, | : : | **NO. 23-cv-02418** |
| v. | : : | |
| **GREGORY S. LIERO,** | : : | |
| Defendant. | : | |

## ORDER

**AND NOW**, this 29th day of April 2024, upon consideration of Defendant's Motion to Dismiss for Failure to State a Claim (ECF No. 8), it is hereby **ORDERED** that Defendant's Motion (ECF No. 8), is **GRANTED;**[1] **THIS ACTION IS DISMISSED WITH PREJUDICE.** The Clerk of Court shall mark this matter **CLOSED**.

**IT IS SO ORDERED**.

BY THE COURT:

*/s/ John Milton Younge*
**JUDGE JOHN MILTON YOUNGE**

---

[1] **FACTUAL BACKGROUND:**
Plaintiff Reverend Juan-Jose's Brookins ("Brookins") has filed a civil action against Gregory S. Liero ("Liero") alleging torts of libel, slander, and defamation. Plaintiff was involved in the State Board of Dentistry's disciplinary action against Dr. Blanche Durand Grube, D.M.D. (Complaint, at ¶¶ 1-3, ECF No. 1). In the course of this action, Defendant filed a Motion to Strike Plaintiff's Administrative Trustee Presentment. In this Motion, the Defendant stated that Plaintiff was "acting as an Attorney for Dr. Grube and he is not an Attorney, and that the unlicensed practice of law is a criminal offense in Pennsylvania." *Id*. at Preliminary Statement at Page 1. Essentially, the Plaintiff asserts that the Defendant made a formal accusation to the Pennsylvania Office of the Attorney General, alleging that Plaintiff engaged in the criminal act of practicing law without a license. *Id*. The Defendant in this case, Mr. Gregory Liero, worked as an employee for the Department of Health.

**LEGAL STANDARD:**
The standard for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is examined in detail in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). After *Iqbal*, it is clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to defeat a Rule 12(b)(6) motion to dismiss. *Id.* at 678; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive dismissal, 'a complaint must contain sufficient factual matter, accepted as true, to state a claim [for]

relief that is plausible on its face.'" *Tatis v. Allied Interstate*, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). Facial plausibility is "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Instead, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## **DISCUSSION:**

In accordance with Section 11 of Article I of the Pennsylvania Constitution, state officials and employees carrying out their responsibilities will retain sovereign and official immunity except where specifically waived by the General Assembly. 1 Pa. C.S. § 2310. Title 42 of the Statute provides the waiver for sovereign immunity. As such, a claimant's action is barred by sovereign immunity unless it falls under the listed exceptions in Title 42. The stated exceptions are as follows:

> (1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways and sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids or vaccines; and (10) sexual abuse.

42 Pa. C.S. § 8522(b)(1)-(10).

Here, the Plaintiff's cause of action involves the intentional tort of defamation which fails to fall into the listed exceptions for which sovereign immunity would be waived. As a Commonwealth employee, the Defendant is protected by sovereign immunity.

## **CONCLUSION:**

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's Complaint for failure to state a claim is hereby granted with prejudice, without leave to amend. "Leave to amend is properly denied if amendment would be futile, i.e., if the proposed complaint could not 'withstand a renewed motion to dismiss.'" (quoting *Jablonski v. Pan. Am. World Airways, Inc.*, 863 F.2d 289, 292 (3d Cir. 1988)); see also *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (recognizing that denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile).